No. 99,711

STATE OF KANSAS, *Appellee*, v. JAMES M. THOMAS, *Appellant*.

(199 P.3d 1265)

Opinion filed January 30, 2009.

*Rachel L. Pickering*, of Kansas Appellate Defender Office, argued the cause and was on the briefs for appellant.

*David Lowden*, chief appellate attorney, argued the cause, and *Lesley A. Isherwood*, assistant district attorney, *Nola Tedesco Foulston*, district attorney, and *Stephen N. Six*, attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

LUCKERT, J.: James M. Thomas was sentenced to life imprisonment under the provisions of K.S.A. 2006 Supp. 21-4643 after he pled no contest to two counts of aggravated indecent liberties with a child under the age of 14 in violation of K.S.A. 21-3504(a)(3). On appeal, Thomas seeks to have his sentence vacated. We reject his request and affirm his sentence, concluding (1) his argument that the sentence constitutes cruel or unusual punishment cannot be considered because the issue was not argued before the district court and (2) the district court did not abuse its discretion in denying Thomas' motion for departure.

*Factual and Procedural Background*

According to the factual basis established at the time of Thomas' plea, Thomas admitted to detectives that he had lewdly fondled or touched his granddaughter, who was 4 or 5 years old at the time, approximately 150 times. He was charged with only two counts,

however. Count I alleged an offense occurring on or between November 1, 2005, and June 30, 2006. At the time of that offense, aggravated indecent liberties with a child was a severity level 3 felony. K.S.A. 21-3504(a)(3)(A) (Furse 1995). Count II alleged an offense occurring on or between July 1, 2006, and April 5, 2007. Because of statutory amendments effective July 1, 2006, the offense in Count II was an off-grid felony. See K.S.A. 2006 Supp. 21-3504(a)(3)(A).

Under the plea agreement, Thomas was free to seek a sentencing departure, which he did by filing a motion requesting a downward durational or dispositional departure. In support of the motion, Thomas stated he was 59 years old, he had no prior felony convictions, the victim and her family were in favor of probation as long as he received sex offender treatment, he had been evaluated and was eligible for sex offender treatment that was readily available in the community, treatment would promote offender reformation and lessen the chance of recidivism, he was not a violent offender, and he was at very low risk to reoffend. In concluding the motion for departure, Thomas stated that given his age "he would not live long enough to reach conditional release in 25 years [and that the sentence] would amount to Life without parole. The defense would submit that would amount to cruel and unusual punishment as applied in this case."

Despite mentioning this constitutional objection in his written motion, Thomas did not mention the issue of cruel or unusual punishment or present evidence related to that issue at the sentencing hearing. Nor did he assert the sentence was disproportionate to the wrong or to other sentences under the Kansas Sentencing Guidelines Act (KSGA), the primary arguments he advances on appeal.

The district court denied the motion for departure, focusing upon Thomas' admission that he had committed acts against his granddaughter approximately 150 times. The district judge concluded: "I do not believe that justice in this case allows for a departure." The district court noted some of the individual grounds suggested as a justification for departure, but not all, and did not mention or make findings or conclusions regarding whether a life

sentence was a cruel or unusual punishment. Overall, the court's comments indicated an implicit conclusion that none of the reasons asserted by Thomas were substantial and compelling reasons to depart from the mandatory minimum sentence.

Pursuant to K.S.A. 2005 Supp. 21-4704(a), the court sentenced Thomas to 59 months' imprisonment for Count I, which was the middle number in the grid box applicable at the time of the first offense. For Count II, pursuant to K.S.A. 2006 Supp. 21-4643(a)(1)(C), the court sentenced Thomas to a mandatory life sentence without the possibility of parole for 25 years. And pursuant to K.S.A. 2006 Supp. 22-3717(d)(1)(B), the court ordered postrelease supervision on Count II for life if Thomas would be paroled.

Thomas raises a timely appeal of his life sentence. This court's jurisdiction is under K.S.A. 22-3601(b)(1) (off-grid crime; life sentence).

### Cruel or Unusual Punishment

Thomas argues his life sentence violates the right against cruel or unusual punishment under § 9 of the Kansas Constitution Bill of Rights. In addition, he briefly refers to the Eighth Amendment to the United States Constitution.

A three-prong test applies to considerations of whether a sentence is a cruel or unusual punishment under § 9 of the Kansas Constitution Bill of Rights:

"(1) The nature of the offense and the character of the offender should be examined with particular regard to the degree of danger present to society; relevant to this inquiry are the facts of the crime, the violent or nonviolent nature of the offense, the extent of culpability for the injury resulting, and the penological purposes of the prescribed punishment;

"(2) A comparison of the punishment with punishments imposed in this jurisdiction for more serious offenses, and if among them are found more serious crimes punished less severely than the offense in question the challenged penalty is to that extent suspect; and

"(3) A comparison of the penalty with punishments in other jurisdictions for the same offense." *State v. Freeman,* 223 Kan. 362, 367, 574 P.2d 950 (1978).

Thomas did not address these factors before the district court, did not present evidence, and did not ask the court to make find-

ings of fact or conclusions of law on the issue. See *Dragon v. Vanguard Industries,* 282 Kan. 349, 356, 144 P.3d 1279 (2006) (litigant must object to inadequate findings of fact and conclusions of law before the trial court to preserve the issue for appeal); Supreme Court Rule 165 (2008 Kan. Ct. R. Annot. 235). Moreover, although Thomas mentioned that a life sentence would be a cruel or unusual punishment in his motion, on appeal he advances a different theory regarding how the sentence violates § 9 of the Kansas Constitution Bill of Rights. In his motion, Thomas based the argument on his age and the likelihood he would not live long enough to be paroled. On appeal he argues the sentence is disproportionate to the wrong and to other sentences provided for under the KSGA.

Conceding that he did not make the argument before the district court and recognizing the general rule that constitutional issues cannot be asserted for the first time on appeal, *State v. Ortega-Cadelan,* 287 Kan. 157, Syl. ¶ 1, 194 P.3d 1195 (2008), Thomas urges application of one of the exceptions that recognize circumstances when an issue can be advanced for the first time on appeal. The exceptions were identified in *Pierce v. Board of County Commissioners,* 200 Kan. 74, 80-81, 434 P.2d 858 (1967), and are: (1) The newly asserted claim involves only a question of law arising on proved or admitted facts and is determinative of the case; (2) consideration of the claim is necessary to serve the ends of justice or to prevent the denial of fundamental rights; and (3) the district court is right for the wrong reason. Thomas argues that his case falls within the first two *Pierce* exceptions because the constitutional issue involves a question of law and also relates to a fundamental right.

These same arguments were presented by another defendant and rejected by this court in *Ortega-Cadelan,* 287 Kan. at 161. Ortega-Cadelan pled guilty to one count of rape in violation of K.S.A. 21-3502(a)(2) (sexual intercourse with child under 14 years of age). He was sentenced under the same provision as applied to Thomas in Count II, K.S.A. 2006 Supp. 21-4643(a)(1), and received a mandatory life sentence without the possibility of parole for 25 years and postrelease supervision for life. Ortega-Cadelan

appealed his sentence and argued for the first time on appeal that his sentence constituted cruel or unusual punishment.

We declined to consider Ortega-Cadelan's argument that the sentence offended the constitutional prohibition against cruel or unusual punishment. Citing the three-prong *Freeman* test, we noted the factors include both factual and legal questions. Despite the defendant's attempt to focus on those factors that raised legal questions, we determined the factual aspects of the test could not be ignored because no single consideration controls the issue. As a result, we concluded that the factual aspects of the test must be considered by the district court before the question could be reviewed on appeal and so the issue was not properly before the court. 287 Kan. at 161.

At oral argument and in a letter of additional authority submitted under Supreme Court Rule 6.09(b) (2008 Kan. Ct. R. Annot. 47), Thomas argued that unlike the situation in *Ortega-Cadelan*, the record in this case is sufficient for this court to reach the factual issues. This argument ignores the role of this court: Appellate courts do not make factual findings but review those made by district courts. See *In re Adoption of A.A.T.*, 287 Kan. 590, 196 P.3d 1180 (2008) (an appellate court does not reweigh evidence, substitute its evaluation of evidence for district court's, or pass upon credibility of witnesses). Here, no factual findings were made upon which this court can base an analysis of whether the sentence is cruel or unusual.

Thomas' argument that his life sentence pursuant to K.S.A. 2006 Supp. 21-4643(a)(1) is a cruel or unusual punishment, which was mentioned but not argued before the district court, cannot be presented for the first time on appeal.

## Downward Departure Motion

Next, Thomas argues the district court erred by denying his request for a downward durational or dispositional departure sentence.

Under the statute in effect at the time of the offense charged in Count II (K.S.A. 2006 Supp. 21-4643[d]), a first-time offender who is age 18 years or older and is convicted of committing aggravated

indecent liberties with a child under the age of 14 shall be sentenced to a mandatory lifetime sentence with a minimum of not less than 25 years "unless the judge finds substantial and compelling reasons, following a review of mitigating circumstances, to impose a departure." If the sentencing judge departs from the mandatory minimum term, the departure sentence "shall be the sentence pursuant to the sentencing guidelines act, . . . and no sentence of a mandatory minimum term of imprisonment shall be imposed." K.S.A. 2006 Supp. 21-4643(d).

The statute specifies a nonexclusive list of mitigating factors the judge may consider in determining whether substantial and compelling reasons for departure exist: (1) the defendant has no significant criminal history; (2) the crime was committed while the defendant was under the influence of extreme mental or emotional disturbances; (3) the victim was an accomplice, and the defendant's participation was relatively minor; (4) the defendant acted under extreme distress or substantial domination of another person; (5) the defendant's capacity to appreciate the criminality of his or her conduct or conform such conduct to the requirements of the law was substantially impaired; and (6) the defendant's age at the time of the crime. K.S.A. 2006 Supp. 21-4643(d)(1)-(6).

In his departure motion, Thomas asked the district court to impose either probation or a KSGA sentence under the grid block corresponding to the severity level of his crime and his criminal history score of "I". In support of his request, Thomas cited several mitigators, two of which parallel the statutory list, *i.e.*, he had no prior felony convictions and he was 59 years of age. The other factors cited—such as the sex evaluator's conclusion that Thomas was eligible for sex offender treatment, treatment was available in the community, the lack of violence, and the victim's preference that Thomas not be incarcerated—did not parallel the statutory factors.

At the sentencing hearing, the district court recognized that Thomas had a criminal history score of "I" and had entered pleas of no contest "in order to avoid putting the victim through a trial." The judge told Thomas that "in thinking about this case I've struggled with it about what is justice." The judge continued: "[T]he

facts have been presented of 150 times, now . . . maybe it was less, but it's obviously in your mind you committed these acts against your granddaughter so many times that . . . you lost count. . . . It reveals to me a depravity that's beyond me." The district court found that a departure sentence would be "insufficient" in this case, despite the fact that Thomas had presented some grounds for departure. In other words, the court implicitly found that none of the reasons asserted by Thomas were substantial and compelling reasons to depart from the mandatory minimum sentence.

In attacking these rulings on appeal, Thomas presents several threshold legal arguments, as does the State in response. These same arguments were considered and rejected in *Ortega-Cadelan*.

First, this court in *Ortega-Cadelan* rejected the State's argument that this court did not have jurisdiction because the defendant received a presumptive sentence. We held the defendant's life "sentence does not meet the K.S.A. 21-4703 definition of 'presumptive sentence,' as his sentence was not issued pursuant to a number in a grid block" but was an off grid crime that is subject to appellate review under the KSGA. 287 Kan. at 163; see K.S.A. 2006 Supp. 21-4643(a)(1)(C).

Next, we rejected Ortega-Cadelan's argument, which is also made by Thomas, that each mitigating circumstance listed in K.S.A. 2006 Supp. 21-4643(d) constitutes a per se substantial and compelling reason for a departure sentence. We observed the statutory language regarding the consideration of mitigating circumstances is "clear and unambiguous, stating the judge shall impose a life sentence 'unless the judge finds substantial and compelling reasons, following a review of mitigating circumstances, to impose a departure.' " *Ortega-Cadelan*, 287 Kan. at 164 (quoting K.S.A. 2006 Supp. 21-4643[d]). We concluded this language does not make "mitigating circumstances" synonymous with "substantial and compelling reasons." Rather, a two-step procedure applies: First, the judge reviews mitigating circumstances and, second, the judge determines if there are substantial and compelling reasons for a departure. 287 Kan. at 164.

On appellate review of this process, we apply a broad abuse of discretion standard because this issue involves the district court's consideration and weighing of mitigating circumstances. Under this standard " '[j]udicial discretion is abused when no reasonable person would take the view adopted by the district judge.' " *Ortega-Cadelan*, 287 Kan. at 165 (quoting *State v. Engelhardt*, 280 Kan. 113, 144, 119 P.3d 1148 [2005]); see *State v. Jones*, 283 Kan. 186, 215-16, 151 P.3d 22 (2007) (same broad abuse of discretion standard applies to appellate review of weighing of aggravating and mitigating circumstances before imposing hard 50 sentence).

A review of the sentencing transcript convinces us that the district court considered all of Thomas' arguments, acknowledged the mitigating circumstances asserted by Thomas, and explained why it chose to reject the request for a downward durational or dispositional departure. Reasonable people could agree with the district court's assessment of whether the mitigating circumstances were substantial and compelling.

The district court did not abuse its discretion by denying Thomas' motion for a downward durational or dispositional departure sentence under K.S.A. 2006 Supp. 21-4643(d).

Affirmed.

McFARLAND, C.J., not participating.

STANDRIDGE, J., assigned.