No. 101,515

STATE OF KANSAS, *Appellee*, v. ROBERT L. ROBISON, JR., *Appellant*.

(222 P.3d 500)

Opinion filed January 22, 2010.

*Matthew J. Edge*, of the Kansas Appellate Defender Office, argued the cause and was on the brief for the appellant.

*Amy L. Aranda*, assistant county attorney, argued the cause, and *Mark Goodman*, county attorney, and *Steve Six*, attorney general, were with her on the brief for appellee.

The opinion of the court was delivered by

DAVIS, C.J.: Robert Robison, Jr., pleaded no contest to a charge of aggravated indecent liberties with a child. He was sentenced to

life without the possibility of parole for 25 years, with lifetime post-release supervision. Robison appeals his life sentence. We affirm.

## FACTS

After negotiations between the defendant and the State involving two counts of aggravated indecent liberties with a child, one count was dismissed, and Robison entered his plea of no contest to one count of aggravated indecent liberties with a child in violation of K.S.A. 21-3504(a)(3)(A). His motion for a downward durational departure was denied. He was sentenced to a mandatory life sentence without the possibility of parole for 25 years pursuant to K.S.A. 21-4643, "Jessica's Law," with lifetime postrelease supervision. He made no claim before the trial court that his sentence was unconstitutionally cruel or unusual. He now seeks to have this issue considered on appeal. We decline.

The sentence was imposed on Robison, already a registered sex offender, for lewd fondling or touching of D.M.L, a 9-year-old child, on or between August 11, 2007, and November 26, 2007. Evidence had also been presented on a second amended count of aggravated indecent liberties with D.M.L by Robison. That event had occurred after the date of the offense of conviction and was discovered by D.M.L.'s aunt as it was occurring on November 27, 2007. Investigation of that event eventually led to the discovery of the earlier act of conviction. The second count was withdrawn pursuant to negotiations leading to the nolo contendere plea.

In addition to his motion requesting a downward durational departure sentence, Robison also presented arguments for departure at his sentencing hearing. The district judge concluded, however, that none of the reasons asserted by Robison were substantial and compelling reasons to depart from the mandatory sentence. The judge also noted Robison's indecent liberties conviction in 2000.

Robison appealed his sentence, arguing that the district court erred by denying his motion for a downward durational departure sentence. He also asked that we address his claim that the sentence imposed is cruel or unusual and must be set aside.

This court's jurisdiction is under K.S.A. 22-3601(b)(1) (off-grid crime; life sentence).

*Discussion*

(1) <u>Whether the mandatory minimum sentence in K.S.A. 21-4643 violates the Eighth Amendment to the United States Constitution and Section 9 of the Bill of Rights of the Kansas Constitution</u>

Robison argues his life sentence violates the right against cruel or unusual punishment under Section 9 of the Bill of Rights of the Kansas Constitution and the prohibition of cruel and unusual punishment under the Eighth Amendment to the United States Constitution.

The determination of whether a sentence is a cruel or unusual punishment is controlled by a three-factor test stated in *State v. Freeman*, 223 Kan. 362, 367, 574 P.2d 950 (1978). These factors include both legal and factual inquiries, and no one factor controls. Robison's arguments fail. Recently in *State v. Mondragon*, 289 Kan. 1158, Syl. ¶ 2, 220 P.3d 369 (2009), *State v. Thomas*, 288 Kan. 157, Syl. ¶ 1, 199 P.3d 1265 (2009), and *State v. Ortega-Cadelan*, 287 Kan. 157, Syl. ¶ 2, 194 P.3d 1195 (2008), this court held that a defendant's argument that a life sentence imposed under the provisions of K.S.A. 21-4643 is a cruel or unusual punishment cannot be presented for the first time on appeal.

Just as in *Mondragon*, *Thomas*, and *Ortega-Cadelan*, Robison made no reference to any constitutional concerns during plea negotiations, in his written motion for downward durational departure, or at his sentencing hearing. Robinson concedes that he advanced his argument for the first time on appeal. Just like the defendant in *Thomas*, Robison

"did not address these factors before the district court, did not present evidence, and did not ask the court to make findings of fact or conclusions of law on the issue. See *Dragon v. Vanguard Industries*, 282 Kan. 349, 356, 144 P.3d 1279 (2006) (litigant must object to inadequate findings of fact and conclusions of law before the trial court to preserve the issue for appeal); Supreme Court Rule 165 (2008 Kan. Ct. R. Annot. 235)." *Thomas*, 288 Kan. at 159-60.

Moreover, just like the *Thomas* defendant, defendant Robison

"[c]onceding that he did not make the argument before the district court and recognizing the general rule that constitutional issues cannot be asserted for the first time on appeal, *State v. Ortega-Cadelan*, 287 Kan. 157, Syl. ¶ 1, 194 P.3d 1195 (2008), [defendant] urges application of one of the exceptions that recognize

circumstances when an issue can be advanced for the first time on appeal. The exceptions were identified in *Pierce v. Board of County Commissioners*, 200 Kan. 74, 80-81, 434 P.2d 858 (1967), and are: (1) The newly asserted claim involves only a question of law arising on proved or admitted facts and is determinative of the case; (2) consideration of the claim is necessary to serve the ends of justice or to prevent the denial of fundamental rights; and (3) the district court is right for the wrong reason. [Defendant] argues that his case falls within the first two *Pierce* exceptions because the constitutional issue involves a question of law and also relates to a fundamental right." 288 Kan. at 160.

Robison too, citing *State v. Puckett*, 230 Kan. 596, 640 P.2d 1198 (1982), argued in his brief that his case falls within the first two *Pierce* exceptions because the constitutional issue involves a question of law and also relates to a fundamental right.

Notwithstanding this argument, *Thomas* noted:

"These same arguments were presented by another defendant and rejected by this court in *Ortega-Cadelan*, 287 Kan. at 161. Ortega-Cadelan pled guilty to one count of rape in violation of K.S.A. 21-3502(a)(2) (sexual intercourse with child under 14 years of age). He was sentenced under the same provision as applied to Thomas . . . 21-4643(a)(1), and received a mandatory life sentence without the possibility of parole for 25 years and postrelease supervision for life. Ortega-Cadelan appealed his sentence and argued for the first time on appeal that his sentence constituted cruel or unusual punishment." 288 Kan. at 160-61.

*Thomas* concluded:

"We declined to consider Ortega-Cadelan's argument that the sentence offended the constitutional prohibition against cruel or unusual punishment. Citing the three-prong *Freeman* test, we noted the factors include both factual and legal questions. Despite the defendant's attempt to focus on those factors that raised legal questions, we determined the factual aspects of the test could not be ignored because no single consideration controls the issue. As a result, we concluded that the factual aspects of the test must be considered by the district court before the question could be reviewed on appeal and so the issue was not properly before the court. 287 Kan. at 161." 288 Kan. at 161.

We conclude that *Mondragon, Thomas,* and *Ortega-Cadelan* control. Robison's "argument that his life sentence pursuant to [K.S.A. 21-4643(a)(1)] is a cruel or unusual punishment, which was . . . not argued before the district court, cannot be presented for the first time on appeal." 288 Kan. at 161.

(2) Whether the district court erred in denying Robison's motion for a downward durational departure sentence

Robison claims that the district court erred by denying his request for a downward durational departure sentence. K.S.A. 21-4643(d) provides that the district "judge shall impose the mandatory minimum term of imprisonment provided by subsection (a), unless the judge finds substantial and compelling reasons, following a review of mitigating circumstances, to impose a departure."

*Standard of Review*

Contrary to Robison's contention that this issue involves the interpretation of K.S.A. 21-4643(d), calling for an unlimited de novo review, the established standard of review is one of abuse of discretion. See *Mondragon, State v. Seward,* 289 Kan. 715, 217 P.3d 443 (2009), and *Thomas,* wherein we stated:

"On appellate review of this process, we apply a broad abuse of discretion standard because this issue involves the district court's consideration and weighing of mitigating circumstances. Under this standard ' "[j]udicial discretion is abused when no reasonable person would take the view adopted by the district judge." ' *Ortega-Cadelan,* 287 Kan. at 165 (quoting *State v. Engelhardt,* 280 Kan. 113, 144, 119 P.3d 1148 [2005] ); see *State v. Jones,* 283 Kan. 186, 215-16, 151 P.3d 22 (2007) (same broad abuse of discretion standard applies to appellate review of weighing of aggravating and mitigating circumstances before imposing hard 50 sentence)." *Thomas,* 288 Kan. at 164.

In his departure motion, Robison asked the district court "to impose a departure sentence" based on four mitigators:

(1) Robison's "capacity to appreciate the criminality of his conduct or conform his conduct to the requirements of law was substantially impaired. At the times of the offense Mr. Robison was under the influence of drugs and alcohol."

(2) Robison's age was 33 at the time of the crime.

(3) Robison "has no significant criminal history. *Other than his prior felony conviction for Indecent Liberties with a Child in 2000* Mr. Robison has had only minor misdemeanor offenses in his past." (Emphasis added.)

(4) Robison "accepted responsibility for his actions and shows general remorse. Mr. Robison chose to enter a plea in this case and not contest the state[']s evidence at trial."

Upon consideration of the four mitigating factors and arguments of counsel, the district court determined that the "mandatory sentence . . . will apply." The court specifically made "the finding that there are not substantial and compelling reasons to sentence you otherwise." The judge directly addressed the "under the influence" mitigator asserted by Robison:

"[W]hile there may have been some mention regarding alcohol or some other substance being used this evening I do not believe that it is sufficient to grant the departure as requested. Even if there was some consumption on your part that . . . is a voluntary act and you should be held responsible for your actions."

The court later noted Robison's indecent liberties conviction in 2000 and explicitly found that none of the reasons asserted by Robison presented a substantial and compelling reason to depart.

In *Thomas*, we said that

" 'the statutory language regarding the consideration of mitigating circumstances is clear and unambiguous, stating the judge shall impose a life sentence "unless the judge finds substantial and compelling reasons, following a review of mitigating circumstances, to impose a departure." ' *Ortega-Cadelan*, 287 Kan. at 164 (quoting [K.S.A. 21-4643(d)]. . . . [A] two-step procedure applies: First, the judge reviews mitigating circumstances and, second, the judge determines if there are substantial and compelling reasons for a departure. 287 Kan. at 164.

. . . .

"A review of the sentencing transcript convinces us that the district court considered all of Thomas' arguments, acknowledged the mitigating circumstances asserted by Thomas, and explained why it chose to reject the request for a downward durational or dispositional departure. Reasonable people could agree with the district court's assessment of whether the mitigating circumstances were substantial and compelling.

"The district court did not abuse its discretion by denying Thomas' motion for a downward durational or dispositional departure sentence under K.S.A. 2006 Supp. 21-4643(d)." *Thomas*, 288 Kan. at 163-64.

Just as in *Thomas*, the district court followed the two-step procedure by considering the mitigating circumstances and by its determination that they were not substantial and compelling reasons for a departure. Reasonable people could agree with the district court's assessment that the mitigating circumstances were not substantial and compelling. Here, as in *Seward*, 289 Kan. at 722, the defendant "demonstrated no abuse of discretion in the district

judge's denial of [his] departure motion" for a downward durational departure sentence.

Affirmed.