No. 103,840

STATE OF KANSAS, *Appellee*, v. BRADLEY F. WHORTON, *Appellant*.

(254 P.3d 1268)

Opinion filed July 15, 2011.

*Christina M. Waugh*, of Kansas Appellate Defender Office, was on the brief for appellant.

*Boyd K. Isherwood*, assistant district attorney, *Nola Tedesco Foulston*, district attorney, and *Steve Six*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

JOHNSON, J.: Bradley F. Whorton directly appeals the district court's refusal to impose a departure sentence pursuant to K.S.A. 21-4643(d), which was jointly recommended by the parties as part of a plea agreement. Whorton complains that the district court's failure to specifically discuss the departure factor to which the parties stipulated constitutes an abuse of discretion. He requests that we remand the case for resentencing with instructions to grant the departure. We deny the request and affirm the district court's sentence.

## Factual and Procedural Overview

Whorton's criminal case emanated from accusations that he engaged in certain sex acts with an 11-year-old female child. Pursuant to a plea agreement, he pled guilty to two counts of aggravated criminal sodomy and two counts of aggravated indecent liberties with a child. In return, the State agreed that it would not oppose Whorton's request for a departure under K.S.A. 21-4643(d)(1). The State specifically agreed that the substantial and compelling basis for the departure was "the lack of significant prior scoreable criminal history by the defendant."

Whorton filed a written motion in which he argued that his lack of criminal history justified a departure from the mandatory minimum hard 25 life sentence prescribed in K.S.A. 21-4643(a)(1). The district court considered that motion at the sentencing hearing, where the State recommended the departure.

At the beginning of the sentencing hearing, the district court noted that the presentence investigation report (PSI) had been completed and advised the parties that it had reviewed the PSI prior to the sentencing hearing. The court observed that a criminal history finding might be unnecessary under the circumstances, presumably because the parties had stipulated that Whorton had no scoreable criminal history. Nevertheless, the judge stated for the record that "the Court finds that his criminal history is a category I" and elicited an agreement to that finding from Whorton and his attorney.

After the parties were afforded an opportunity to present arguments in favor of the recommended departure sentence, the court related that it "has had plenty of time to think about this case." The defendant was then offered allocution, after which the district court proceeded to impose a life sentence on each of the four counts, but provided that all sentences were to be served concurrently. After completing the sentencing, the district court turned its attention to the motion to depart.

The district court first addressed the argument that Whorton's sentence should be comparable to the 15-year sentence the victim's father had received in another case. The court opined that "[e]very

case is unique and turns on its own facts and circumstances," so that the outcome of another case is not controlling. The court found that the facts and circumstances of this case were that the 53-year-old defendant had sexually abused the 11-year-old victim over a period of 2½ months.

The court then looked at the statutory mitigating factors set forth in K.S.A. 21-4643(d)(2)-(6), and found that none of those circumstances were present in this case. To the contrary, the court found that Whorton had simply taken advantage of a helpless 11-year-old child for his own sexual gratification. Believing that the hard 25 life sentence in K.S.A. 21-4643(a) was designed to address the situation presented in this case, the court was unable to find substantial and compelling reasons to depart from that life sentence.

Whorton timely appealed, claiming that the district court erred in denying his motion to depart under K.S.A. 21-4643(d).

## DENIAL OF DEPARTURE MOTION

### A. *Standard of Review*

Appellate courts apply an abuse of discretion standard of review to a district court's determination of whether mitigating factors are substantial and compelling reasons to depart. *State v. Mondragon*, 289 Kan. 1158, 1160-61, 220 P.3d 369 (2009). K.S.A. 21-4643(d) grants broad discretion, meaning judicial discretion is abused when no reasonable person would take the view adopted by the district judge. *State v. Gonzalez*, 290 Kan. 747, 755, 234 P.3d 1 (2010); *State v. Robison*, 290 Kan. 51, 55, 222 P.3d 500 (2010); *Mondragon*, 289 Kan. at 1160-61; *State v. Seward*, 289 Kan. 715, Syl. ¶ 4, 217 P.3d 443 (2009).

### B. *Analysis*

Whorton first contends that the district court abused its discretion by failing to consider his absence of criminal history as a mitigating factor. He points to the sentencing judge's comments that explicitly found that the five statutory factors in K.S.A. 21-4643(d)(2)-(6) were inapplicable in this case. Whorton construes that recitation as evidence that the district court simply ignored the mitigating factor listed in K.S.A. 21-4643(d)(1), *i.e.*, "[t]he de-

fendant has no significant history of prior criminal activity." While a sentencing court's refusal to consider a mitigating factor could arguably constitute an abuse of discretion, we disagree with Whorton's characterization of the record as indicating such a refusal in this case. *Cf. State v. Gideon*, 257 Kan. 591, 611, 894 P.2d 850 (1995) (refusal to consider defendant's proffered evidence in mitigation distinguished from failure to indicate whether court found factors in mitigation).

The court began the sentencing hearing by advising that its review of the PSI revealed that Whorton had a criminal history score of I, and the court specifically confirmed that Whorton and his attorney agreed with that assessment. The court's criminal history finding comported with the parties' stipulation that Whorton lacked "significant prior scoreable criminal history." See K.S.A. 21-4709 (describing the criminal history categories). Having made that specific finding, it would have been redundant for the court to make it again when discussing the statutory factors.

Further, after making its finding of criminal history, the court acknowledged Whorton's written motion for departure and advised the parties that it had "read, reviewed and considered the arguments in the motion." Those arguments included Whorton's assertion that his lack of prior criminal history provided a substantial and compelling reason to depart. Accordingly, Whorton's suggestion that the district court ignored or refused to consider the mitigating factor in K.S.A. 21-4643(d)(1) is belied by the record before us.

Next, Whorton suggests that the district court's refusal to depart was an abuse of discretion because the State had agreed—both in the plea agreement and at the sentencing hearing—that the mitigating factor in K.S.A. 21-4643(d)(1) constituted a substantial and compelling reason to depart. That argument is fundamentally flawed. While the prosecutor may stipulate to the existence of facts which establish a mitigating factor, any stipulation as to the legal effect of the mitigating factor is not binding on the court. We have clarified that it is the *judge* who must find substantial and compelling reasons to depart after a review of the mitigating factors.

*State v. Thomas*, 288 Kan. 157, 163, 199 P.3d 1265 (2009) (citing *State v. Ortega-Cadelan*, 287 Kan. 157, 164, 194 P.3d 1195 [2008]).

Finally, Whorton contends that it is arbitrary to grant a departure based on a lack of criminal history in one case, but to deny departure in another case where the same mitigating factor exists. That argument suggests that each mitigating factor in K.S.A. 21-4643(d) constitutes a per se substantial and compelling reason for a departure sentence. We rejected that notion in *Ortega-Cadelan*, 287 Kan. at 164, and again in *Thomas*, 288 Kan. at 163. "Rather, a two-step procedure applies: First, the judge reviews mitigating circumstances and, second, the judge determines if there are substantial and compelling reasons for a departure." *Thomas*, 288 Kan. at 163. As the district court in this case correctly observed, "Every case is unique and turns on its own facts and circumstances." See *State v. Blackmon*, 285 Kan. 719, 724, 176 P.3d 160 (2008) (For a mitigating factor to be considered compelling, it "must be one which forces the court, *by the facts of the case*, to abandon the status quo and to venture beyond the sentence that it would ordinarily impose." [Emphasis added.]).

Here, the sentencing transcript reveals that the district court considered the arguments propounded by Whorton in his departure motion and that it found the existence of the mitigating factor in K.S.A. 21-4643(d). Then, the district court reviewed Whorton's conduct in committing the offenses, determining that the offenses were "egregious" and of the type intended to be addressed by Jessica's Law. Finally, the court explicitly stated that it was "unable to find substantial, compelling reasons to depart." That is all that we ask of a sentencing court. See *Thomas*, 288 Kan. at 164.

Affirmed.