NOT DESIGNATED FOR PUBLICATION

No. 120,741

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ZIYABH A. HAYES,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DEBORAH HERNANDEZ MITCHELL, judge. Opinion filed March 20, 2020. Affirmed.

*Zal K. Shroff*, of ACLU Foundation of Kansas, of Wichita, and *Lauren Bonds*, of ACLU Foundation of Kansas, of Overland Park, and *Michael P. Whalen*, of Law Office of Michael P. Whalen, of Wichita, for appellant.

*Leslie A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

*Samuel G. MacRoberts*, of Overland Park, for amicus curiae Kansas Justice Institute.

*Teresa A. Woody*, of Lawrence, for amicus curiae Kansas Appleseed Center for Law and Justice, Inc.

Before WARNER, P.J., POWELL, J., and LAHEY, S.J.

PER CURIAM: Ziyabh A. Hayes pled guilty to possession of a weapon by a convicted felon. In accord with the parties' plea agreement, the district court sentenced

Hayes to a controlling prison term of 17 months, suspended the sentence, and granted Hayes probation for 18 months. As part of his plea agreement, as presented to the district court, Hayes agreed to be bound by "gang-conditions." Those conditions were attached to the plea agreement, and each individual condition was initialed "ZH" by Mr. Hayes. The form concludes: "I hereby acknowledge that I have been informed and understand these added conditions of my probation. I agree to comply with these conditions until I receive my final discharge from the Court." At sentencing, Hayes asked the court to "follow the plea agreement set up by the parties," and the district court did so.

For the first time on appeal, Hayes claims the imposition of gang-related conditions as part of the terms of his probation violates his constitutional rights. He asks that we vacate the portion of the district court's order imposing gang-related conditions.

Hayes made no argument before the district court that his gang-related probation conditions were unconstitutional. Constitutional grounds for reversal asserted for the first time on appeal are generally not properly before the appellate court for review. *State v. Daniel*, 307 Kan. 428, 430, 410 P.3d 877 (2018). Exceptions to that general rule include: (1) the newly asserted theory involves only a question of law arising on proved or admitted facts and is finally determinative of the case; (2) consideration of the theory is necessary to serve the ends of justice or to prevent denial of fundamental rights; and (3) the judgment of the district court may be upheld on appeal despite its reliance on the wrong ground or having assigned a wrong reason for its decision. See *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014). But "[t]he decision to review an unpreserved claim under an exception is a prudential one. Even if an exception would support a decision to review a new claim, this court has no obligation to do so." See *State v. Gray*, No. 117,747, Syl. ¶ 1, 2020 WL 962356 (Kan. 2020). Here, we decline to review Hayes' unpreserved claims under any potentially applicable exception.

Hayes argues "the issues raised in the appeal seek to vindicate [his] First Amendment expressive and associational rights, Fourteenth Amendment due process rights, and related fundamental rights." But Hayes made no effort to seek "vindication" at the district court level. Appellate courts are not courts of first resort—our role is not to make findings but merely review those made by the district court. See *State v. Thomas,* 288 Kan. 157, 161, 199 P.3d 1265 (2009). And we note that only on appeal does Hayes challenge the fundamental factual premise underlying the imposition of gang-related conditions—that he is, in fact, a gang member. Hayes had the opportunity to present his arguments to the district court and failed to do so. This failure deprived the trial judge of the opportunity to address the issues in the context of this case, and such analysis would have benefitted our review. See *Gray*, 2020 WL 962356, at *9. Thus, we decline to apply any exception to undertake review of Hayes unpreserved claims.

Finally, we observe that the district court retains the authority under K.S.A. 2019 Supp. 21-6607(a) to modify Hayes' conditions of probation at any time, and Hayes is free to raise the issues presented in this appeal in the district court.

Affirmed.