NOT DESIGNATED FOR PUBLICATION

Nos. 127,057
127,058

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

STAN P. MILLS JR.,
*Appellant*.


MEMORANDUM OPINION


Appeal from Sedgwick District Court; DAVID DAHL, judge. Submitted without oral argument. Opinion filed November 15, 2024. Affirmed.


*Sean P. Randall*, of Kansas Appellate Defender Office, for appellant.


*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.


Before ARNOLD-BURGER, C.J., GARDNER and COBLE, JJ.


PER CURIAM:  Stan P. Mills Jr. challenges the statutory duty to register as a violent offender under the Kansas Offender Registration Act (KORA), K.S.A. 22-4901 et seq., as a violation of his free speech rights under the First Amendment to the United States Constitution and section 11 of the Kansas Constitution Bill of Rights. He also contends that the Sedgwick County District Court erred in refusing to give him jail time credit against both of his consecutive sentences. Finding that Mills did not preserve the constitutional issue and that the district court did not err in awarding jail time credit, we affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

In two separate cases, Sedgwick County District Court case Nos. 2021 CR 2220 (Case 1) and 2021 CR 2236 (Case 2), the State charged Mills with two counts of aggravated battery and attempted robbery. The State also charged Mills with arson in Sedgwick County District Court case No. 2022 CR 397 (Case 3).

The State moved to consolidate the three cases for trial. After a hearing, the district court granted the motion to consolidate Cases 1 and 2, both involving aggravated battery, but denied the motion with respect to Case 3, the arson case.

Mills and the State eventually came to a plea agreement in which the parties mutually agreed to request severance of the previously consolidated cases. At the plea hearing, the district court severed the cases. Mills pleaded guilty to amended counts of aggravated battery in Cases 1 and 2. In exchange, the State dismissed the aggravated robbery charge in Case 2 and the arson charge in Case 3. In the plea agreement, the State indicated that it would seek the high penalty within the applicable sentencing grid box, and the parties acknowledged that Mills would likely receive an A criminal history classification. The State agreed to recommend consecutive sentencing and to recommend the presumptive sentencing disposition of imprisonment. Mills also agreed to pay restitution for the dismissed arson charge in Case 3. Mills acknowledged that his conviction for aggravated battery in Case 1 involved the use of a deadly weapon, i.e., a broom handle, requiring him to register as a violent offender under KORA. The court accepted Mills' pleas as knowing and voluntary.

At sentencing, the district court closely followed the plea agreement. The district court assigned Mills a criminal history classification of A, which established presumptive prison terms for both aggravated battery convictions. Neither party objected to the criminal history classification indicated by the presentence investigation report.

Responding to the district court's request for sentencing recommendations, Mills' attorney argued:

> "And, finally, with regard to the requirement that Mr. Mills register, just for the record, we are making an objection that as part of that, he has to give certain information to the State when he goes in quarterly or whenever he changes his e-mail or, you know, whenever he's required to give additional information to the State. I know the Appellate Defender's Office is arguing that that is compelling him to speak to the government when he doesn't have to, so I guess it's a Fifth Amendment argument that somehow the Offender Registration Act violates that or Mr. Mills' right to remain silent or not give information to the State if he doesn't wish to, so we're just making that objection for the record."

Because the district court did not immediately rule on Mills' objection to the KORA registration requirements, Mills sought a ruling on the objection before the end of the hearing, and the court overruled the objection.

The court imposed a sentence of 34 months' imprisonment, the presumptive high penalty within the applicable grid box, on each of Mills' aggravated battery convictions. The court ordered the two sentences to run consecutive to one another and any previously imposed sentences. The court ordered Mills to serve 12 months of postrelease supervision. The court also found that Mills had committed the crime in Case 1 with a deadly weapon, which required Mills to register under KORA, and imposed restitution of $804.37 and court costs. And the court awarded Mills 758 days of jail time credit against the sentence imposed in Case 1 for time spent in jail between October 6, 2021, and November 3, 2023, and 7 days of credit in Case 2 for time spent in jail between September 15, 2021 and September 21, 2021. Ordering jail time credit, the judge explained:

"Now, you have the right to receive credit for all the time that you've spent with us in jail on these cases. I think that Tricia has an estimate probably. That's not to say you have to agree with it, but at least she has an estimate. And there is not duplicative credit. You understand that if you're with us one day, today, for example, you get credit on one of the cases or the other, but not both cases? You understand that concept; is that correct?"

When Mills indicated that he did not understand, the court permitted him time to speak privately with his attorney. After conferring with his counsel, Mills affirmed that he understood how jail time credit was being applied because his sentences were ordered to run consecutive.

Mills has timely appealed from sentencing.

ANALYSIS

*Mills did not preserve his constitutional challenges to KORA.*

Mills first contends that the obligation to register as a violent offender under KORA violates his First Amendment and section 11 constitutional rights to be free from compulsion to speak at the government's behest.

Mills proceeds with his First Amendment argument under the mistaken assumption that the issue was properly preserved in the district court. While Mills' attorney objected to the registration requirements, he did not object based on a violation of the First Amendment of the United States Constitution or a violation of section 11 of the Kansas Constitution Bill of Rights. He objected based on the Fifth Amendment protection against self-incrimination and did not mention the Kansas Constitution at all. An argument that KORA violates the Fifth Amendment by requiring a registrant to supply information to the government is not so transparently mislabeled that the district

4

court could be expected to view the argument as a First Amendment challenge. A party may not challenge judicial action on one basis in the district court and then raise a different challenge to the judicial action on appeal. See *State v. Gideon*, 257 Kan. 591, 599, 894 P.2d 850 (1995).

Accordingly, Mills' First Amendment challenge is raised for the first time on appeal. Similarly, since Mills did not mention the Kansas Constitution in his objection at sentencing, the section 11 component of his argument is also raised here for the first time. An appellate court generally does not review constitutional issues raised for the first time, though the courts have recognized exceptions to this rule. *State v. Valdez*, 316 Kan. 1, 10, 512 P.3d 1125 (2022). But even though an appellate court is authorized to consider certain unpreserved legal issues, Kansas Supreme Court Rule 6.02(a)(5) (2024 Kan. S. Ct. R. at 36) requires an appellant to explain why an exception is applicable. *State v. Johnson*, 309 Kan. 992, 995, 441 P.3d 1036 (2019) ("For those issues that cannot be raised at any time we require a litigant to explain why the issue is properly raised for the first time on appeal."). Apparently confident that the issue was properly preserved, Mills does not argue for the application of any preservation exception. As a result, we decline to reach the issue. See *State v. Godfrey*, 301 Kan. 1041, 1044, 350 P.3d 1068 (2015) (Supreme Court Rule 6.02[a][5] to be assiduously observed).

We note that this court has routinely refused to consider a First Amendment challenge to KORA for the first time on appeal, even when the appellant has raised a preservation exception. See, e.g., *State v. Spilman*, 63 Kan. App. 2d 550, 575, 534 P.3d 583 (collecting cases), *rev. denied* 317 Kan. 850 (2023). *State v. Pearson*, No. 125,033, 2023 WL 2194306, at *1 (Kan. App. 2023) (unpublished opinion), *rev. denied* 318 Kan. 1088 (2024).

The *Pearson* panel articulated a compelling reason for refraining to address this complex constitutional argument for the first time on appeal.

"Identifying the compelling government interests KORA is meant to protect and then determining whether it is sufficiently narrowly tailored to serve those interests involves examining a host of issues best explored first at the district court level. Analyzing the proportionality of KORA requires an in-depth balancing of its benefits and costs, along with exploring potential alternatives to achieving those benefits and the accompanying costs and anticipated effectiveness of those alternatives. It may even involve evaluating KORA's effectiveness in protecting the compelling governmental interests it is meant to serve, which could involve the presentation of evidence and fact-finding. And '[f]act-finding is simply not the role of appellate courts.' *State v. Nelson*, 291 Kan. 475, 488, 243 P.3d 343 (2010) (citing *State v. Thomas*, 288 Kan. 157, 161, 199 P.3d 1265 [2009])." *Pearson*, 2023 WL 2194306, at *1.

We find the reasoning in *Pearson* persuasive and decline to reach Mills' constitutional challenge to KORA for the first time on appeal.

*The district court properly awarded jail time credit to Mills.*

Mills next challenges the district court's jail time credit award. Again, Mills did not raise this challenge in the district court. He contends that appellate review is appropriate without preservation of the issue because the claim involves only a question of law on proved or admitted facts which are determinative of the case and because consideration of the claim is necessary to serve the ends of justice or prevent the denial of fundamental rights. The exceptions cited by Mills are prudential considerations permitting an appellate court to entertain an issue raised for the first time on appeal. See *State v. Allen*, 314 Kan. 280, 283, 497 P.3d 566 (2021) (listing exceptions).

Mills contends he is not challenging the calculation of the number of days he spent in jail awaiting trial and sentencing; he contests only the district court's allocation of that jail time credit to his sentences. As framed by Mills, the claim he raises on appeal is one of law on defined facts. Accordingly, we will consider the issue, even though Mills raises it for the first time on appeal. See *State v. Genson*, 316 Kan. 130, 135-36, 513 P.3d 1192

6

(2022) (exercise of prudential exception to preservation rule rests with the discretion of the appellate court); *Allen*, 314 Kan. at 283 (noting one exception to preservation rule is a claim involving a question of law on proved or admitted facts that is determinative of the case); *State v. Feikert*, 64 Kan. App. 2d 503, 505, 553 P.3d 344 (2024) (considering jail time credit issue for the first time on appeal), *petition for rev. filed* August 12, 2024.

The resolution of Mills' jail time credit argument, however, is guided by our court's decision in *Feikert.* We may not cite *Feikert* as authority until the mandate is issued, but we can consider the decision as persuasive authority. Kansas Supreme Court Rule 8.03(k)(1) (2024 Kan. S. Ct. R. at 61) ("Pending the Supreme Court's determination on the petition for review and during the time in which a petition for review may be filed, the Court of Appeals decision is not binding on the parties or on the district courts. An interested person that wishes to cite a Court of Appeals decision for persuasive authority before the mandate has issued must note in the citation that the case is not final and may be subject to review or rehearing."). Because we are persuaded by the reasoning of *Feikert*, we adopt that same reasoning as logical and persuasive. See *Ridge v. Kansas Dept. of Corrections*, No. 126,654, 2024 WL 4314711, at *2-3 (Kan. App. 2024) (unpublished opinion) (citing *Feikert* favorably).

Kansas provides a statutory right to jail time credit. K.S.A. 21-6615.

"In any criminal action in which the defendant is convicted, the judge, if the judge sentences the defendant to confinement, shall direct that for the purpose of computing defendant's sentence and parole eligibility and conditional release dates thereunder, that such sentence is to be computed from a date, to be specifically designated by the court in the sentencing order of the journal entry of judgment. *Such date shall be established to reflect and shall be computed as an allowance for the time which the defendant has spent incarcerated pending the disposition of the defendant's case.* In recording the commencing date of such sentence the date as specifically set forth by the court shall be used as the date of sentence and all good time allowances as are

7

authorized by the secretary of corrections are to be allowed on such sentence from such date as though the defendant were actually incarcerated in any of the institutions of the state correctional system." (Emphasis added.) K.S.A. 21-6615(a)(1).

An award of jail time credit is mandatory. *State v. Harper*, 275 Kan. 888, 890, 69 P.3d 1105 (2003). Recently, the Kansas Supreme Court reversed its long-standing construction of K.S.A. 21-6615 (and its predecessor statute) that allowed jail time credit only when a defendant was held *solely* on the charge for which he or she was sentenced. *State v. Hopkins*, 317 Kan. 652, 657, 537 P.3d 845 (2023) (overruling *Campbell v. State*, 223 Kan. 528, 530-31, 575 P.2d 524 [1978], and other like cases). The *Hopkins* court gave K.S.A. 21-6615(a) its plain meaning, holding that "the sentencing court [must] give a defendant 'an allowance for the time which the defendant has spent incarcerated pending the disposition of the defendant's case.'" 317 Kan. at 657.

Relying on *Hopkins*, Mills contends that he was entitled to jail time credit against the sentences imposed in case Nos. 2021 CR 2220 and 2021 CR 2236 because he was held in jail for both cases. Mills does not contend that the district court failed to award jail time credit for some days he spent in jail. He concedes that the district court applied jail time credit to his sentence in case No. 2021 CR 2220. He claims only that the district court erred in failing to award the same amount of jail time credit to his sentence in case No. 2021 CR 2236. In essence, Mills argues that K.S.A. 21-6615(a) authorizes duplicative jail time credit.

This argument has been rejected by this court in *Feikert*. As noted in *Feikert*, *Hopkins* involved a simple application of the rule to one case involving concurrent prison terms. The decision did not address the application of jail time credit for consecutive sentences, as Mills' case presents. 64 Kan. App. 2d at 506-07. After examining recent Kansas Supreme Court cases left undisturbed by *Hopkins* and the statutory language itself, the *Feikert* court concluded that the legislative intent behind K.S.A. 21-6615(a)

8

was to credit every day a criminal defendant spent in jail before sentencing against his or her *controlling* sentence on a one-to-one basis. The focus in awarding jail time credit is on the total length of the prison term, which is affected by the court's decision to run multiple sentences concurrent or consecutive. 64 Kan. App. 2d at 508-09.

> "Nothing in *Hopkins* suggests that the Kansas Supreme Court intended that decision to modify *Davis*' [*State v. Davis*, 312 Kan. 259, 474 P.3d 722 (2020)] rule that prohibits duplicative credit in instances where a defendant receives consecutive sentences in multiple cases.
> "Nor do Kansas statutes demand otherwise. K.S.A. 2022 Supp. 21-6615(a) requires courts to calculate sentences with an 'allowance for the time which the defendant has spent incarcerated.' Accord Black's Law Dictionary 96 (11th ed. 2019) (defining an 'allowance' as a 'share or portion . . . that is assigned or granted'). As the Supreme Court explained in *Hopkins*, this allowance statutorily entitles a defendant in a criminal case to reduce the amount of time they spend in prison by an equivalent amount of time they spent in jail before the prison sentence was imposed. It does not mean that a defendant is entitled to a duplicative credit for time spent in jail awaiting disposition of criminal charges against multiple cases. Such a rule would defy common sense, as it would grant a windfall to defendants who commit multiple offenses in separate cases. Accord *State v. Keel*, 302 Kan. 560, 574, 357 P.3d 251 (2015) (courts construe statutes to avoid unreasonable or absurd results)." 64 Kan. App. 2d at 509.

Mills also argues that the statutory amendments to K.S.A. 21-6615(a) in 2024 demonstrate a change in the statute that supports his interpretation of *Hopkins*. He reasons that the 2024 amendment altered the existing statute, meaning that before the amendment, Mills should have been entitled to jail time credit on each case for which he was held in jail pending disposition of his cases. Mills' argument is premised entirely on a statutory presumption that an amendment constitutes a change in the law. See *State v. Hasbrouck*, 62 Kan. App. 2d 50, 53, 506 P.3d 924 (2022) ("When the Legislature amends a statute, Kansas courts presume that it intended to change the law that existed prior to

the amendment."). But a statutory amendment may also clarify existing law. See *State v. Collier*, 316 Kan. 109, 116, 513 P.3d 477 (2022).

Again, we find the reasoning in *Feikert* persuasive.

"The amended statute states that a person's release date must be determined based on 'an allowance for the time that the defendant has spent incarcerated pending of the disposition of the defendant's case,' and—consistent with *Hopkins*—a defendant is 'entitled to have credit applied for each day spent incarcerated.' K.S.A. 21-6615(a)(1) (amended 2024). The statute further clarifies—consistent with our holding here—that courts should not include in that calculation '[a]ny time awarded as credit in another case when consecutive sentences are imposed on a defendant.' K.S.A. 21-6615(a)(2)(A) (amended 2024).

"No one argues that these statutory amendments apply here. But the amendments are consistent with our ruling under K.S.A. 2022 Supp. 21-6615(a) and Kansas Supreme Court caselaw that a defendant is not entitled to duplicative credit toward consecutive prison sentences imposed in multiple cases. Thus, Feikert is not entitled to a duplicative allowance for the jail credit already applied in a separate case." *Feikert*, 64 Kan. App. 2d at 509-10.

Contrary to Mills' appellate argument, the 2024 amendments to K.S.A. 21-6615(a) did not change how a court awarded jail time credit in cases involving consecutive sentences. The amendments merely clarified existing law. See L. 2024, ch. 96, § 7. As *Feikert* noted, the Kansas Supreme Court had already denied duplicative credit under K.S.A. 21-6615(a) as it existed before the 2024 amendments. 64 Kan. App. 2d at 508 (citing *State v. Davis*, 312 Kan. 259, 288, 474 P.3d 722 [2020], and *State v. Lofton*, 272 Kan. 216, 32 P.3d 711 [2001]). Since *Hopkins* was not inconsistent with either *Davis* or *Lofton*, the Kansas Supreme Court's decision in *Hopkins* did not affect how jail time credit was applied in consecutive sentencing cases, as explained in *Davis* and *Lofton*. Since the law prior to the 2024 amendment did not provide for duplicative credit, the

language of the 2024 amendment—that excluded jail time allowance when jail time was applied to another case in consecutive sentencing—merely clarified existing law.

Under the sound reasoning of *Feikert*, we conclude that Mills is not entitled to duplicative jail time credit in Case 2 when he was awarded jail time credit in Case 1. We accordingly find no error in his sentencing.

Affirmed.