No. 101,036

STATE OF KANSAS, *Appellee*, v. EDDIE E. TREVINO, *Appellant*.

(227 P.3d 951)

Opinion filed March 26, 2010.

*Meryl Carver-Allmond*, of Kansas Appellate Defender Office, was on the brief for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Nola Tedesco Foulston*, district attorney, and *Steve Six*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

ROSEN, J.: Eddie E. Trevino entered a plea of nolo contendere to one count of aggravated indecent liberties with a child pursuant to a plea agreement with the State. The State agreed not to oppose his motion for durational departure. The district court sentenced him to life with no possibility of parole for 25 years. He appeals, contending that his sentence is unconstitutionally cruel and unusual and that the district court abused its discretion in denying his motion for departure.

Trevino was charged with two counts of aggravated indecent liberties with a child, stemming from allegations made by his grand-daughters. His first preliminary hearing was prematurely terminated when his counsel realized the existence of a conflict that would interfere with his representation of another client. At Trevino's second preliminary hearing, one of his granddaughters testified that there was physical contact between the two but he had not touched any of her "private parts." The hearing was interrupted when his second granddaughter had difficulty testifying and was then terminated when he chose to waive the remainder of the hearing.

After negotiations with the State, Trevino agreed to plead nolo contendere to one count of aggravated indecent liberties with a child pursuant to K.S.A. 21-3504(a)(3)(A), characterized on the written plea agreement as a severity level 3 person felony with a presumptive sentence of life with no possibility of parole for 25 years. In return, the State agreed to dismiss the second count and to make the following sentencing recommendation:

"Due to the harm caused in this case being less than typically associated with such an offense, the State will not oppose Defendant's request for a durational departure under K.S.A. (2006 Supp.) 21-4643(a)(2)(d) to the top number in the guidelines gridbox for a severity level 3 person felony . . . .

"The State agrees that the substantial and compelling basis for the durational departure is the degree of harm associated with this crime was less than typical for such crime."

The plea agreement also left Trevino free to seek a dispositional departure but indicated that the State would oppose such a request. There is no indication in the plea agreement that the defendant would argue the unconstitutionality of the life sentence.

Trevino also filed a Motion to Impose Departure Sentence in which he moved the court to impose a durational departure on the basis of three alleged substantial and compelling reasons:

"1. That a shorter prison sanction will serve community safety interests by promoting offender reformation more than incarceration.

"2. That the State supports a departure sentence due to the harm caused in this case being less than typically associated with such an offense.

"3. That the defendant is 50 years old and has one felony conviction from 1993, over 15 years ago."

Trevino entered his plea on December 10, 2007. A sentencing hearing took place on February 8, 2008, before Judge John J. Kisner who had not had previous involvement in the case. Judge Kisner indicated he had serious reservations about following the plea agreement and continued the sentencing in order to review the preliminary hearing transcripts and have the defendant evaluated. In the intervening months, Trevino sent a letter to the judge proclaiming his innocence, which was treated as a pro se motion to withdraw his plea; however, at the hearing scheduled on the motion, he chose to withdraw the motion.

Sentencing took place on June 25, 2008. Both the State and Trevino argued in support of Trevino's durational departure motion. Judge Kisner indicated that he had reviewed the affidavit of probable cause and the preliminary hearing transcripts and could not find substantial and compelling reasons to depart. He denied the motion to depart and sentenced Trevino to life in prison with parole eligibility after 25 years.

Trevino filed a notice of appeal from the sentence, raising the denial of the motion for departure and, for the first time, "challenging the Constitutionality of the penalty provided in K.S.A. 21-3504, commonly known as Jessica's Law." Jurisdiction is in this court pursuant to K.S.A. 22-3601(b)(1)—conviction of an off-grid crime and imposition of a life sentence.

Trevino first alleges that the life sentence imposed upon him under K.S.A. 2006 Supp. 21-4643(a)(1)(C) violates the constitutional prohibition against cruel and unusual punishment found in the Eighth Amendment to the United States Constitution, made applicable to the States through the Fourteenth Amendment, and Section 9 of the Kansas Constitution Bill of Rights. The parties agree that this issue presents a question of law over which the court exercises unlimited or de novo review, citing *State v. Tolen*, 285 Kan. 672, 673, 176 P.3d 170 (2008) (constitutionality of a statute is a question of law over which court exercises unlimited review), and *State v. Freeman*, 223 Kan. 362, 368, 574 P.2d 950 (1978) (applying de novo analysis of constitutionality of sentence).

Trevino acknowledges that he did not object to the constitutionality of his sentence in the district court but maintains that this court may review his claim under exceptions to the rule barring review set out in *State v. Puckett*, 230 Kan. 596, 640 P.2d 1198 (1982). Those exceptions allow review in the following circumstances:

"(1) Cases where the newly asserted theory involves only a question of law arising on proved or admitted facts and which is finally determinative of the case;

"(2) Questions raised for the first time on appeal if consideration of the same is necessary to serve the ends of justice or to prevent denial of fundamental rights; and

"(3) [When] a judgment of a trial court may be upheld on appeal [if correct] even though that court may have relied on the wrong ground or assigned a wrong reason for its decision." *State v. Puckett*, 230 Kan. at 598-99.

He argues his case falls within the first and second exceptions because the issue only involves a question of law and relates to the fundamental right that prohibits cruel and unusual punishment. Trevino then sets out the three-factor test adopted by this court in *Freeman*, 223 Kan. at 367, to determine whether the length of a sentence offends the constitutional prohibition against cruel and unusual punishment and attempts to argue that the three factors lead to the conclusion that the sentence in this case is unconstitutional.

This court considered an identical argument in *State v. Ortega-Cadelan*, 287 Kan. 157, 159-61, 194 P.3d 1195 (2008), and con-

cluded that the failure of the appellant to raise the issue and develop the record below precluded its consideration because the determinations made necessary by *Puckett* and, ultimately, by *Freeman* require the court to analyze the merits of the case in a way not possible when the trial court was not allowed the opportunity to address the issue. Trevino attempts to distinguish his case by pointing out that the prosecutor made a brief statement on the record as a factual basis for the plea. That statement, however, entailed little more than a proffer that the appellant and the victim were clothed at the time of the crime. It did not specify sufficient factual detail to allow for the kind of examination of the facts of the crime and the particular characteristics of the defendant that *Ortega-Cadelan* notes is required by the first prong of the *Freeman* test. Without the necessary record, *Ortega-Cadelan* concluded that review of the constitutionality of the appellant's sentence was not possible. The same result has since been reached in a number of cases. See *State v. Mondragon*, 289 Kan. 1158, 220 P.3d 369 (2009); *State v. Easterling*, 289 Kan. 470, 485-87, 213 P.3d 418 (2009); *State v. Spotts*, 288 Kan. 650, 652-54, 206 P.3d 510 (2009); *State v. Thomas*, 288 Kan. 157, 159-61, 199 P.3d 1265 (2009).

A different conclusion was reached in *State v. Seward*, 289 Kan. 715, 718-21, 217 P.3d 443 (2009). There the constitutionality argument was reached.

"In *Seward*, the defendant mentioned his cruel or unusual punishment argument during plea negotiations, included it in his written downward departure motion, and reiterated the claim on the record at the sentencing hearing. This court held the issue was sufficiently raised before the district court and that the district court should have made the necessary findings. *Seward*, 289 Kan. at 720. After discussing the relative responsibilities of the district court and the defendant to assure there are sufficient findings for appellate review, [this court] remanded the case." *Mondragon*, 289 Kan. at 1164.

Trevino's case, however, unlike Seward's, is indistinguishable from Mondragon's, about which we said:

"In contrast to the record in *Seward*, which reflected efforts by the defendant to raise the issue before the district court, in this case we can find no mention of the phrase 'cruel or unusual punishment' in the record of proceedings before the district court. Because there was no effort before the district court to present the

issue of whether a Jessica's Law sentence is cruel or unusual, the issue cannot be raised for the first time on appeal." *Mondragon*, 289 Kan. at 1164.

As in *Ortega-Cadelan, Easterling, Spotts, Thomas*, and *Mondragon*, the appellant in this case did not sufficiently raise the constitutionality issue and develop the record below to allow this court to consider it.

The second issue raised by Trevino alleges that the district court should have granted his motion for a durational departure. An abuse of discretion standard applies to this court's review of the district judge's determination that mitigating circumstances cited by the defendant did not amount to substantial and compelling reasons for departure from the mandatory terms of imprisonment required by K.S.A. 2006 Supp. 21-4643. In *State v. Robison*, 290 Kan. 51, 55, 222 P.3d 500 (2010), we said:

"[T]he established standard of review is one of abuse of discretion. See *Mondragon, State v. Seward*, 289 Kan. 715, 217 P.3d 443 (2009), and *Thomas*, wherein we stated:

'On appellate review of this process, we apply a broad abuse of discretion standard because this issue involves the district court's consideration and weighing of mitigating circumstances. Under this standard " '[j]udicial discretion is abused when no reasonable person would take the view adopted by the district judge.' " *Ortega-Cadelan*, 287 Kan. at 165 (quoting *State v. Engelhardt*, 280 Kan. 113, 144, 119 P.3d 1148 [2005] ); see *State v. Jones*, 283 Kan. 186, 215-16, 151 P.3d 22 (2007) (same broad abuse of discretion standard applies to appellate review of weighing of aggravating and mitigating circumstances before imposing hard 50 sentence).' *Thomas*, 288 Kan. at 164."

Under the statute governing Trevino's sentence, a first-time offender who is 18 years old or older and convicted of aggravated indecent liberties with a child under the age of 14 must be sentenced to a mandatory life sentence with a minimum of not less than 25 years "unless the judge finds substantial and compelling reasons, following a review of mitigating circumstances, to impose a departure." K.S.A. 2006 Supp. 21-4643(d). The statute specifies a nonexclusive list of mitigating factors that a judge may consider in determining whether substantial and compelling reasons for departure exist: (1) the defendant has no significant criminal history; (2) the crime was committed while the defendant was under the influence of extreme mental or emotional disturbances; (3) the

victim was an accomplice, and the defendant's participation was relatively minor; (4) the defendant acted under extreme distress or substantial domination of another person; (5) the defendant's capacity to appreciate the criminality of his or her conduct or conform such conduct to the requirements of the law was substantially impaired; and (6) the defendant's age at the time of the crime. K.S.A. 2006 Supp. 21-4643(d)(1)-(6).

Trevino argues only that the district court abused its discretion when it rejected his argument that the degree of harm inflicted upon the victim in this case was less than in the usual aggravated indecent liberties case and that amounted to a substantial and compelling reason for departure. At sentencing, after hearing arguments in support of the departure motion, Judge Kisner made clear that he had reviewed all the information available to him in the record and had been unable to conclude that the harm to the victim in this case was any less than in any other case. He noted the mitigating circumstances that the defendant had little criminal history and that the State had supported the motion for departure as part of the plea negotiations, but concluded that the relationship of the appellant to the victim was one of great trust, precluding him from concluding that departure was warranted. Trevino presents no persuasive argument to cause us to conclude that the sentencing judge abused his discretion in denying the motion for a durational departure.

The judgment of the district court is affirmed.