NOT DESIGNATED FOR PUBLICATION

No. 115,324

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RONALD W. JAMES,
*Appellant*.


MEMORANDUM OPINION

Appeal from Wyandotte District Court; WESLEY K. GRIFFIN, judge. Opinion filed December 23, 2016. Affirmed.

*Clayton J. Perkins*, of Kansas Appellate Defender Office, for appellant.

*Jennifer S. Tatum*, assistant district attorney, *Jerome A. Gorman*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before STANDRIDGE, P.J., ARNOLD-BURGER and BRUNS, JJ.


*Per Curiam*:  K.S.A. 21-4643(d) permits a sentencing court to depart from a Jessica's Law sentence if, after reviewing mitigating circumstances, the court finds substantial and compelling reasons for departure. Ronald W. James argues that the district court abused its discretion in denying his motion for departure in the following ways:  (1) by weighing aggravating circumstances against mitigating circumstances in violation of K.S.A. 21-4643(d); (2) by relying on facts not in evidence; and (3) by failing to find that substantial and compelling reasons supported departure. Because the district court's decision followed the required procedure set out in K.S.A. 21-4643 for

1

considering such a departure motion, it based its decision on substantial and competent evidence, and it was within the district court's discretion to decide that the mitigating circumstances did not present substantial and compelling reasons for departure, we affirm.

FACTUAL AND PROCEDURAL HISTORY

The State charged James with rape in violation of K.S.A. 21-3502(a)(2). James waived a jury trial; his bench trial occurred in December 2012.

At the trial, 7-year-old R.J. identified Ronald James as her grandfather. She then testified that, while they were alone in her bedroom, James took down her pants and underwear and then he "stuck his finger in my hole and that hurt." This occurred "just for a minute" and ended when R.J.'s mother began climbing the stairs. R.J. was 5 years old at the time of the alleged rape. R.J.'s mother testified she left R.J. alone with James in the living room for 5 to 10 minutes while the mother and her boyfriend went outside to smoke. When the mother came back inside, R.J. was alone in her bedroom and James was coming back into the living room from R.J.'s bedroom. Later, R.J. told her mother that James "stuck his finger in her hole." The mother called the police. R.J. went to Children's Mercy Hospital for an exam and to Sunflower House for a forensic interview. James testified, and denied all allegations of rape. At the conclusion of the trial, the district court judge found James guilty of rape.

Before sentencing James, the district court addressed James' motion for durational departure. James' counsel reviewed several factors to support the motion. First, James' criminal history was limited to a couple of driving while intoxicated convictions that were more than 20 years old. Second, James had poor health and the hard 25 sentence under Jessica's Law would "likely extend past the probability of [James'] life expectancy." Third, when compared to other sex crimes, the crime in this case was not as

2

severe because there was no violence and no allegations that it had happened before. The State asked the court to deny the motion based on the age of the child and the "position that the defendant was in with her, that's a position of trust . . . ." The district judge said that he understood "and agree[d] with the items the defense raised." But, the district judge also said that the two points raised by the state were "very important." Then, the district judge ordered "a 25-year sentence" with "lifetime parole."

James appealed his sentence. On appeal, James argued, in part, that his sentence was illegal because it was ambiguous. *State v. James*, No. 110,146, 2014 WL 5312918, at *1 (Kan. App. 2014) (unpublished opinion), *rev. denied* 302 Kan. 1016 (2015). The State conceded that the sentence was illegal because it was ambiguous. The Court of Appeals held that "the district court likely meant to impose the presumptive sentence of imprisonment for life with a mandatory minimum term of not less than 25 years" but "this was not explicitly stated on the record." 2014 WL 5312918, at *11. So, the Court of Appeals remanded the case for resentencing. 2014 WL 5312918, at *11. James also argued that the district court erred in denying his motion for departure. The Court of Appeals found that, based on the record, it could not "tell whether the district court ever actually denied James' motion for departure." 2014 WL 5312918, at *12. The Court of Appeals also remanded on this issue, ordering the district court to clearly rule on the motion for departure. 2014 WL 5312918, at *12.

On remand, the State's attorney reviewed the mitigating factors that James made in his motion to depart: limited criminal history, age, and the degree of harm. The State asked the district court to consider the motion with *State v. Jolly*, 301 Kan. 313, 342 P.3d 935 (2015), in mind. The State argues *Jolly* directs courts to "consider the mitigating factors only first without weighing them against any aggravating factors and then consider other circumstances in the case that [courts] see fit to consider." The State also asked the judge to keep in mind R.J.'s young age and the fact that she is James' granddaughter. The district judge said that he understood the mitigating factors—that

James' prior convictions were very old, that James had health problems, and that there was less harm than in normal sexual misconduct cases. But, the district judge reiterated his concerns regarding R.J.'s young age and "breach of trust" that occurred due to the fact that James is R.J.'s grandfather. The district judge then stated, "while I certainly understand there are certain mitigating factors, the other circumstances that this court considers requires—not requires—but based on those, I do specifically deny his motion for a durational departure."

James appealed.

## ANALYSIS

*The district court properly adhered to the procedure in K.S.A. 21-4643(d) in considering James departure motion.*

James' first argument is that the district court violated the procedures of K.S.A. 21-4643(d) by weighing aggravating factors against mitigating factors when denying James' motion for departure.

When reviewing a district court's ruling on a motion for departure, the appellate court applies the abuse of discretion standard. *Jolly*, 301 Kan. at 324. "A district court abuses its discretion when: (1) no reasonable person would take the view adopted by the judge; (2) a ruling is based on an error of law; or (3) substantial competent evidence does not support a finding of fact on which the exercise of discretion is based.'" 301 Kan. at 325 (quoting *State v. Smith*, 299 Kan. 962, 970, 327 P.3d 441 [2014]).

K.S.A. 21-4643(a)(1)(B) requires a mandatory minimum term of imprisonment of not less than 25 years for an offender over the age of 18 who has sexual intercourse with a child under the age of 14. However, a sentencing judge may depart from this sentence if

4

the judge "finds substantial and compelling reasons, following a review of mitigating circumstances, to impose a departure." K.S.A. 21-4643(d). If a "sentencing judge departs from such mandatory minimum term of imprisonment, the judge shall state on the record at the time of sentencing the substantial and compelling reasons for the departure." K.S.A. 21-4643(d).

For a period of time, courts considering departures in Jessica's Law sentencing were weighing aggravating factors against mitigating factors. See *Jolly*, 301 Kan. at 322-324 (listing cases in which district courts weighed mitigating and aggravating factors in this situation). In *Jolly*, the Kansas Supreme Court held that K.S.A. 21-4643(d) forbade this type of weighing analysis. The *Jolly* court noted that the plain language of the statute "instructs the sentencing court to conduct a review of the mitigating circumstances without balancing them against the aggravating ones." 301 Kan. at 322.

After considering mitigating circumstances, the second step of the *Jolly* analysis is determining whether the mitigating circumstances rise to the level of being substantial and compelling reasons for departure. 301 Kan. at 323. Although sentencing courts cannot weigh aggravating factors against mitigating ones, "the facts of the case— including any egregious ones—are essential for a judge to consider in deciding if a departure is warranted based on substantial and compelling reasons." 301 Kan. at 323-24. Thus, the sentencing judge can consider "information that reasonably might bear on the proper sentence for a particular defendant, given the crime committed, including the manner or way in which an offender carried out the crime. This includes those 'circumstances inherent in the crime and the prescribed sentence.'" 301 Kan. at 324 (quoting *State v. Florentin*, 297 Kan. 594, 598, 303 P.3d 263 [2013]).

Here, the State, citing *Jolly*, specifically asked the district court to "consider the mitigating factors only first without weighing them against any aggravating factors and then consider other circumstances in the case that you see fit to consider." The district

5

court first considered all of the mitigating factors raised by James. The district court judge then stated that he was done considering the mitigating factors and "as I am allowed I hope to also consider the other circumstances." Then, the district judge stated that he was concerned with the fact that James was R.J.'s grandfather, there was a breach of trust, and the young age of the victim. Based on these "other circumstances" the court denied James' motion for departure.

The State argues that "[t]he district court followed precisely the standards set forth by statute and *Jolly*." James cites *State v. Albanil-Alvarado*, No. 111,802, 2015 WL 5311922 (Kan. App. 2015) (unpublished opinion), as authority that the district court did not follow the appropriate procedure. In *Albanil-Alvarado*, this court found that the district court abused its discretion by not following the two-step *Jolly* procedure when it denied the defendant's motion to depart. In that case, the district court's explanation for denying the defendant's motion to depart was as follows:

> "'I certainly understand the process that a defendant, any defendant, under certain plea situations can ask for a departure. And you have done so and you have cited the appropriate aspects of departure reasons that you could. The court has reviewed those and reviewed the evaluation, and as you said in the evaluation, there's some good and bad. It's not, in a sense, zero chance of re-offending, it's not like you talked about, he probably could have gone somewhere and it would have been the best evaluations ever, but it is an appropriate and honest evaluation I believe as well.
>
> "'The court is concerned on any case like this—and Ms. Tatum mentioned a couple of the things the court is most concerned with—and that is the number of charges, three victims. I know several charges were dismissed and a case was dismissed so there are multiple offenses. In looking at the affidavit, the ages of the victims at the time—and I may be off half a year—were 12, 14 and 15. Understand what you said about the age of consent in Mexico, but I am—this court is geared towards the idea that most people understand that you just simply cannot have even consensual sex with a 12 year old, let alone several times and then with a 14 or 15 year old as well.

6

"'I really can't justify a sentence less than the life sentence with possibility of parole after 25 years. I certainly agree with your comments about his age. It's very sad that this gentleman may spend as long as he is old before he's eligible for parole, and that is a sad commentary. However, these are very, very serious offenses and the court simply feels that a downward departure is not the correct process in this matter.'" *Albanil-Alvarado*, 2015 WL 5311922, at *1-2.

Based on this statement from the district court, this court said it was "unable to identify a point at which the district court 'first . . . review[ed] the mitigating circumstances without any attempt to weigh them against any aggravating circumstances.'" 2015 WL 5311922, at *2 (quoting *Jolly*, 301 Kan. 313, Syl. ¶ 5). The Court of Appeals characterized the district court's analysis as having "immediately moved on to consider the age of the victims and the seriousness of the offenses—both factors that are part of the reason the Jessica's Law sentences are so severe to begin with:  These are serious offenses against particularly young and vulnerable victims." *Albanil-Alvarado*, 2015 WL 5311922, at *2.

Here, unlike in *Albanil-Alvarado*, the district court made it clear when it began and ended considering the mitigating factors. The district judge began its analysis of the motion to depart by stating that it understood "the mitigating aspects of the motion . . . ." He then discussed every mitigating factor raised by James. The district judge then explicitly stated that it considered the mitigating factors. So, the first part of the *Jolly* test was satisfied.

The second part of the *Jolly* test is determining whether the mitigating circumstances rise to the level of being substantial and compelling reasons for departure. *Jolly*, 301 Kan. at 323. The district court considered the victim's age and the familial relationship between James and the victim before determining that the mitigating factors did not present substantial and compelling reasons for departure. James argues that the district court's consideration of these factors constituted an improper weighing of

7

mitigating and aggravating factors. However, it was appropriate for the district court to consider these factors.

In performing the second part of the *Jolly* test, courts must consider "the facts of the case" in order to determine whether the mitigating factors are substantial and compelling. *Jolly*, 301 Kan. at 324. The victim's age and the familial relationship are both facts proven in this case. This issue is difficult because, while the victim's age and the relationship between the victim and James are both facts of the case, they could also be viewed as aggravating factors. See K.S.A. 2015 Supp. 21-6815(c)(2) (allowing courts to consider the victim's age and any fiduciary relationship between the defendant and victim as aggravating factors); *State v. Ippert*, 268 Kan. 254, 260, 995 P.2d 858 (2000) (holding that the district court was allowed to consider the fiduciary relationship between the victims and defendant [the defendant was the victims' father] as an aggravating factor when imposing an upward durational departure sentence for an aggravated indecent liberties conviction). Based on *Jolly* and the cases following it, the district court can consider things that could be classified as "aggravating factors" in other cases as long as the district court does not call them "aggravating factors." See *State v. McCormick*, 305 Kan. 43, 378 P.3d 543, 548-49 (2016) (holding that it was permissible for the district court to consider the victim's intoxication, but because "the district judge explicitly referred to the piece of evidence that persuaded him as an 'aggravating factor,' we cannot be wholly confident that the statutory command not to conduct weighing of aggravators and mitigators was followed").

Furthermore, district courts have been allowed to consider the victim's age and relationship to the offender in other Jessica's Law cases. For example, in *State v. Cook*, No. 113,768, 2016 WL 2609640, at *2 (Kan. App. 2016) (unpublished opinion), *petition for rev. filed* June 6, 2016, a district court denied a motion for departure, explaining:

"'Based on what's been presented to me this morning in support of that motion for a durational departure, the Court's going to find that there are no substantial and compelling reasons for this court to grant that departure, so [the] motion will be denied. Furthermore, I do not have to find any aggravated circumstances. However, it's clear, for the record, the age of the defendant and the age of the victim in this case, supports the court's denial of that Motion for Durational Departure.'"

The appellate court held that the district court's remarks were sufficient to establish that the district court considered all of the mitigating factors. 2016 WL 2609640, at *3. The *Cook* court also did not take issue with the fact that the district court considered the victim's age. 2016 WL 2609640, at *3. Similarly, in *State v. Trevino*, 290 Kan. 317, 227 P.3d 951 (2010), the Kansas Supreme Court affirmed a district court's decision not to grant the defendant's request for departure. There, the defendant had been convicted of aggravated indecent liberties with his granddaughters. After considering the mitigating factors, the district court "concluded that the relationship of the appellant to the victim was one of great trust, precluding him from concluding that departure was warranted." 290 Kan. at 323. Thus, it was appropriate for the district court to rely on the victim's age and her relationship to James in deciding to deny James' motion.

Failure to follow the two-step procedure set out in *Jolly* is a legal error and thus an abuse of discretion. *State v. Sullivan*, No. 114,369, 2016 WL 4413563, at *3 (Kan. App. 2016) (unpublished opinion). Because the district court considered mitigating factors first and did not weigh them against aggravating factors in determining that the mitigating factors did not present substantial and compelling reasons for departure, it did not abuse its discretion.

9

*There was substantial competent evidence for the district court to conclude that James and R.J. had a relationship of trust.*

James' second argument is that the district court abused its discretion by relying on facts not in evidence in reaching its decision. The district judge said that he was concerned with the fact that the allegations were made by James' granddaughter and said that James' actions caused a "breach of trust." James acknowledges that R.J.'s mother testified that R.J. had a relationship with James and that she was around him a lot. James also acknowledges that R.J. previously lived with James and his wife. But, James argues that there "was not evidence establishing the details of the relationship that existed, particularly whether or not there was a relationship of trust between Mr. James and R.J." Instead, James says that the district court's decision was "based on general assumptions of how the relationship between grandparent and grandchild functions rather than the facts of the case." James does not cite any caselaw to support his argument.

When reviewing a district court's ruling on a motion for departure, the appellate court applies the abuse of discretion standard. *Jolly*, 301 Kan. at 324. "A district court abuses its discretion when: (1) no reasonable person would take the view adopted by the judge; (2) a ruling is based on an error of law; or (3) substantial competent evidence does not support a finding of fact on which the exercise of discretion is based.'" *Jolly*, 301 Kan. at 325 (quoting *Smith*, 299 Kan. at 970). The third factor is implicated when a district court relies on facts not in evidence.

Here, there was substantial competent evidence to support the district court's classification of James and R.J.'s relationship as a relationship of trust. As James acknowledged, R.J.'s mother testified that R.J. had a relationship with James and was around him "a lot." R.J. and her mother lived with James at one time. Additionally, R.J.'s mother left R.J. alone with James when she went outside to smoke. All of this evidence implies a relationship of trust. While relying on facts not in evidence is improper, it is

10

appropriate to draw reasonable inferences based on the evidence that is admitted. *State v. Baker*, 281 Kan. 997, 1012, 135 P.3d 1098 (2006) (discussing the rule that prosecutors cannot rely on facts not in evidence, but they may draw reasonable inferences).

It was reasonable for the district court to infer that a child who, at one time, lived with her grandfather and spent time alone with him had a relationship of trust with him. Accordingly, the district court did not abuse its discretion.

*The district court did not abuse its discretion in concluding that there were not substantial and compelling reasons for departure.*

James' final argument is that the district court abused its discretion in failing to find that his mitigating circumstances did not present substantial and compelling reasons for departure "[b]ecause the district court acknowledged the presence of several mitigating circumstances, yet denied the motion based solely on legally inappropriate considerations . . . ." James argues that it was legally inappropriate for the district court to consider the victim's age because age is already used as a basis for the enhanced sentencing of Jessica's Law. He also argues that it was legally inappropriate because, by considering the relationship of trust between James and R.J., the district court considered facts not in evidence. It has already been established that the district court did not rely on facts not in evidence. So, this section will focus on whether it was appropriate for the district court to consider R.J.'s age or whether the district court abused its discretion in any other way.

When reviewing a district court's determination of whether mitigating circumstances present substantial and compelling reasons for departure under K.S.A. 21-4643(d), an appellate court uses the abuse of discretion standard. *Jolly*, 301 Kan. at 325. "'A district court abuses its discretion when: (1) no reasonable person would take the view adopted by the judge; (2) a ruling is based on an error of law; or (3) substantial

11

competent evidence does not support a finding of fact on which the exercise of discretion is based.'" 301 Kan. at 325 (quoting *Smith*, 299 Kan. at 970).

K.S.A. 21-4643(d) states that a judge shall impose a mandatory minimum term of imprisonment "unless the judge finds substantial and compelling reasons, following a review of mitigating circumstances, to impose a departure." "Substantial" means something real, not imagined; something with substance, not ephemeral. *Jolly*, 301 Kan. at 323. "Compelling" means that the court is forced, by the facts of the case, to leave the status quo or go what is beyond ordinary. 301 Kan. at 323. "[E]ven though mitigating circumstances must be present for a finding of substantial and compelling reasons, mitigating circumstances do not necessarily equal substantial and compelling reasons." 301 Kan. at 323. If a judge grants a departure, "the judge shall state on the record at the time of sentencing the substantial and compelling reasons for the departure." K.S.A. 21-4643(d). The judge is not required to make any findings if the judge denies a request for departure.

Here, the sentencing judge was within his discretion when he denied James' motion for departure. Motions for departure have been denied in cases presenting similar mitigating factors. For example, in *Trevino*, defendant Eddie Trevino made a motion for departure on the basis that he was 50 years old and had only one old felony conviction. The State argued in support of the motion because the degree of harm caused by Trevino was less than normal. The sentencing judge disagreed that the degree of harm was less than normal and "concluded that the relationship of the appellant to the victim was one of great trust, precluding him from concluding that departure was warranted." 290 Kan. at 323. James' situation is similar to Trevino's. James also presents his age (in his 50's), limited criminal history, and lower than normal degree of harm as mitigating factors. And, like in *Trevino*, James' sentencing judge thought that departure was not warranted, due in part to the relationship between James and R.J. (the victim in *Trevino* was also the defendant's granddaughter). See also *State v. Willis*, 51 Kan. App. 2d 971, 997-98, 358

P.3d 107 (2015) (denying defendant's motion to depart despite the fact that defendant had no criminal history and was almost 50 years old), *rev. denied* 304 Kan. 1022 (2016); *State v. Limburg*, No. 112,727, 2016 WL 3202546, at *9, 12 (Kan. App. 2016) (unpublished opinion) (denying defendant's motion to depart despite his lack of significant criminal history, his age [46], and a lesser degree of harm), *petition for rev. filed* July 7, 2016.

It was also appropriate for the sentencing judge to consider R.J.'s age in determining that James' mitigating factors were not substantial and compelling reasons to depart. *Jolly* specifically allows courts to consider "'circumstances inherent in the crime and the prescribed sentence.'" 301 Kan. at 324 (quoting *Florentin*, 297 Kan. at 598). One of the circumstances inherent in the prescribed sentence is the victim's age. In *Cook*, this court affirmed a district court's decision to deny a defendant's motion for departure. 2016 WL 2609640, at *1. There, in denying the defendant's motion the district court stated "'it's clear, for the record, the age of the defendant and the age of the victim in this case, supports the court's denial of that Motion for Durational Departure.'" 2016 WL 2609640, at *2. Both *Cook* and the language of *Jolly* support the district court's consideration of the victim's age, so it was not an abuse of discretion.

The fact that "another judge may well have decided to depart under the circumstances of this case" does not necessarily make this judge's decision an abuse of discretion. *State v. Krahmer*, No. 112,032, 2015 WL 5224722, at *2 (Kan. App. 2015) (unpublished opinion), *rev. denied* 304 Kan. 1020 (2016). Here, we are not able to conclude that no reasonable person would take the view adopted by the judge. Accordingly, we find that the district court acted within its discretion and affirm its decision.

Affirmed.