NOT DESIGNATED FOR PUBLICATION

No. 116,426

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DANIEL V. ASHBAUGH,
*Appellant*.


MEMORANDUM OPINION

Appeal from Crawford District Court; KURTIS I. LOY, judge. Opinion filed November 9, 2017. Affirmed.

*Korey A. Kaul*, of Kansas Appellate Defender Office, for appellant.

*Michael Gayoso, Jr.*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., MCANANY, J., and HEBERT, S.J.

PER CURIAM: Daniel V. Ashbaugh was convicted after his plea of guilty to one count of aggravated indecent liberties with a child. Prior to sentencing, Ashbaugh filed a motion for a downward durational departure sentence. The district count found no substantial or compelling reason to depart, denied Ashbaugh's motion, and imposed the presumptive sentence of life imprisonment with a mandatory term of 25 years.

On appeal, Ashbaugh argues that the district court abused its discretion by denying his departure motion. We find no abuse of discretion and affirm the judgment of the district court.

1

*Factual and Procedural Background*

On February 2, 2016, Daniel Ashbaugh came to the Crawford County Sheriff's Office and advised that he wanted to turn himself in for molesting his grandsons. After being advised of his *Miranda* rights, Ashbaugh confessed to Deputy Scott Tyrell that he had molested his two five-year-old grandsons, H.A. and T.A. Ashbaugh was 65 years old.

Based on an affidavit of probable cause prepared by Deputy Tyrell, and on an ensuing investigation, the State charged Ashbaugh with two counts of aggravated indecent liberties with a child, an off-grid felony, pursuant to K.S.A. 2016 Supp. 21-5506(b)(3)(A) and (c)(3). The crimes were alleged to have occurred between August 1, 2015 and January 22, 2016.

On April 20, 2016, Ashbaugh tendered a plea of guilty to one count of aggravated indecent liberties with a child, in which H.A. was named as the victim. Pursuant to the plea agreement, the State dismissed the second count of aggravated indecent liberties with a child which named T.A. as the victim. Ashbaugh reserved the right to file a motion for downward durational departure. During the plea proceeding, the State tendered the factual basis for the plea alleging that Ashbaugh had admitted to molesting both of his two grandsons over a period of months. Having been placed under oath, Ashbaugh stated on the record that he did not contest any material part of the State's proffer.

In his written departure motion filed pursuant to K.S.A. 2016 Supp. 21-6627(d)(1), Ashbaugh argued that a durational departure was appropriate because he had turned himself in, his advanced age, he and his wife had various physical ailments and financial stress, and a psychosexual evaluation indicated that he was not a risk to society. The State responded to the motion noting that the facts of the case established Ashbaugh was in a position of trust with both his grandsons and that he had molested both on multiple occasions.

At the sentencing hearing, each party addressed their respective arguments. Defense counsel argued Ashbaugh had fully admitted to the allegations, had turned himself in, and had made the situation known to law enforcement. He also acknowledged Ashbaugh's health issues and financial stress did not excuse his conduct but relied upon the psychosexual evaluation which indicated Ashbaugh was neither a pedophile nor a predator and was not a risk to society. The State, in rebuttal, noted that although Ashbaugh turned himself in, he was aware that he was the subject of an investigation by the Department for Children and Families (DCF) based on a report by one of the grandsons. The State also noted incongruities in the psychosexual report that would indicate that Ashbaugh did exhibit the behaviors of a pedophile and a predator, based on his molestation of vulnerable, prepubescent boys.

Without objection from Ashbaugh, the court allowed the mothers of both boys to make victim impact statements. Ashbaugh declined to make a statement. The district count proceeded to sentence Ashbaugh to the presumptive sentence of life imprisonment with a mandatory minimum of 25 years. In so doing, the district court stated:

> "I find no substantial or compelling reason to depart from the sentence of life in prison. I'm not going to reiterate what I just heard, but I think they showed sufficiently the damage you have caused. . . . [n]ot only to the two young boys but to the extended family."

Ashbaugh filed a timely appeal from the judgment denying his departure motion.

*The Statute*

K.S.A. 2016 Supp. 21-6627(a)(1)(C), colloquially referred to as "Jessica's Law," provides that the sentence for aggravated indecent liberties with a child shall be a term of imprisonment for life with a mandatory minimum term of imprisonment of not less than

3

25 years. However, K.S.A. 2016 Supp. 21-6627(d)(1) goes on to provide that for a first conviction of such offense, "the sentencing judge shall impose the mandatory minimum term of imprisonment provided by subsection (a) unless the judge finds substantial and compelling reasons, following a review of mitigating circumstances, to impose a departure."

*Standard of Review*

An order from a sentencing court denying departure under Jessica's Law is reviewed by an appellate court for abuse of discretion in considering the mitigating factors and circumstances of the case. *State v. Randolph*, 297 Kan. 320, 336, 301 P.3d 300 (2013). It is well settled that a judicial action constitutes an abuse of discretion (1) if no reasonable person would take the view adopted by the trial court; (2) if the judicial action is based on an error of law; or (3) if the judicial action is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015); *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party alleging abuse of discretion bears the burden of proof. *State v. Wells*, 289 Kan. 1219, 1227, 221 P.3d 561 (2009).

Ashbaugh alleges the district court abused its discretion in the instant case by ignoring the mitigating factors he presented and placing undue weight on the testimony of the victims' mothers. He further argues that his evidence in mitigation provided the district court with substantial and compelling reasons to grant his departure request.

*Analysis*

In *State v. Jolly*, 301 Kan. 313, 324, 342 P.3d 935 (2015), our Supreme Court determined that under the Jessica's Law sentencing statute, a district court was not to weigh mitigating circumstances against aggravating circumstances. The court concluded:

4

"[T]he proper statutory method when considering a departure from a Jessica's Law sentence is for the district court first to review the mitigating circumstances without any attempt to weigh them against any aggravating circumstances. Then, in considering the facts of the case, the court determines whether the mitigating circumstances rise to the level of substantial and compelling reasons to depart from the otherwise mandatory sentence. Finally, if substantial and compelling reasons are found for a departure to a sentence within the appropriate sentencing guidelines, the district court must state on the record those substantial and compelling reasons." 301 Kan. at 324.

In arriving at this formulation the court noted: "[A] judge does not sentence in a vacuum [and] . . . is to consider information that reasonably might bear on the proper sentence." 301 Kan. at 324. The district court is allowed to exercise ""his or her best judgment, common sense, and judicial discretion after considering all of the reports, the defendant's background, *the facts of the case,* and the public safety."' [Citations omitted.]" 301 Kan. at 324. We find nothing in *Jolly* which would indicate any modification of prior precedent whereby when a district court does not grant a departure under Jessica's Law it is not required to state the reasons for denying the departure on the record. *State v. Harsh*, 293 Kan. 585, 587, 265 P.3d 1161 (2011); *State v. Plotner*, 290 Kan. 774, 780, 235 P.3d 417 (2010).

In the case at bar, the district court listened to Ashbaugh's arguments regarding the mitigating circumstances alleged in his motion. These allegations and arguments understandably tended to minimize the nature and results of Ashbaugh's conduct and relied in great measure on the results of a psychosexual evaluation conducted by a Dr. Barnett. However, the actual written report prepared by Dr. Barnett does not appear in the record on appeal.

The district court allowed the State to rebut Ashbaugh's arguments, essentially by noting incongruities and contradictions in the evaluation conclusions. The State also presented victim impact statements by the mothers of both child victims in order to rebut

Ashbaugh's implications that family relationships could be reestablished if he were to be granted a departure sentence.

The evidence and arguments by the State would seem to clearly fall within the realm of information which reasonably might bear on the proper sentence for this particular defendant by filling the "vacuum" potentially created had Ashbaugh's arguments gone unrebutted. Under these circumstances, a reasoned rebuttal does not rise to the level of an "aggravating circumstance."

Ashbaugh would submit that the statements from the mothers, and in particular from the mother of T.A., went beyond the facts of the case and should not have been considered by the district court.

We would first observe that the transcript of the sentencing hearing suggests that the mothers' obviously emotional remarks were directed primarily toward Ashbaugh rather than to the district judge. Cathartic victim impact statements have traditionally been allowed during sentencing proceedings, and we find nothing in *Jolly* which would require the district court to dispense with this established procedure. Here, the substance of the statements was within the established facts of the case and was a reasonable rebuttal to Ashbaugh's assertions in mitigation—clearly it had been established that he was the boys' grandfather and the abuse had occurred while he was in a position of trust as their caregiver. It is reasonable for the sentencing judge to be informed that Ashbaugh's proposed reconciliation of the family was not a reasonable possibility.

Ashbaugh contends that consideration of facts related to T.A.'s case was improper because that case had been dismissed. In an unpublished opinion, *State v. Pulley*, No. 112,631, 2015 WL 5750477, at *6 (Kan. App. 2015) (unpublished opinion), a panel of this court held:

"[I]t is not proper for the court to consider facts that are merely alleged in connection with a charge that is ultimately dismissed. Those facts have not been established either by admission or by trial. They are simply allegations, and the reason why there is no evidence regarding the accuracy of the allegations is because the State was never required to prove them, and the defendant never admitted to them."

Here, Ashbaugh admitted on the record of the plea hearing that he had molested both of his grandsons. As the factual basis for Ashbaugh's plea, the State set forth:

"[O]n February 2, 2016, the defendant, Daniel Ashbaugh, went to the Crawford County Sheriff's Department and indicated to Deputy Scott Tyrell that he had been molesting his two grandsons, [H.A.] and [T.A.], both of who [*sic*] were five and six. He indicated that he had been molesting them for several months. They were about five, they currently are six years old.

"During the course of the investigation both of the children were taken to the CAC interview and they both confirmed that their grandfather had sexually molested them at his home which is located . . . in Crawford County, Kansas, and the defendant today indicated that he is over 18 and so his age and the ages of the children make this an off-grid felony."

The district court then inquired of Ashbaugh and his counsel whether they contested any material part of the statement. Ashbaugh, who had previously been placed under oath, replied, "No, sir," as did his counsel. At no time either prior to or subsequent to this colloquy and admission had Ashbaugh ever contested the fact that he molested both boys.

Thus, the situation in this case is clearly distinguished from the factual circumstances presented in *Pulley*, and the holding in that case is neither determinative nor persuasive. The admission that Ashbaugh molested both boys was clearly relevant information which reasonably might bear on the proper sentence. See *Jolly*, 301 Kan. at 324.

The sentencing judge indicated he had indeed listened to the proposed mitigating circumstances, although he declined to "reiterate" what he had heard. His straightforward ruling gave no indication he had improperly considered or "weighed" any "aggravating circumstances." There is no abuse of discretion based on any legal error.

Ashbaugh would argue, however, that in any event the district court abused its discretion because reasonable persons would find his proposed mitigating factors to be "substantial and compelling." But this argument turns the standard of review on its head: the test is, rather, whether reasonable persons *could* find, as did the district court here, that there was no substantial and compelling reason to depart.

"'[T]his court has defined "substantial" as "something that is real, not imagined; something with substance and not ephemeral," while the term "'compelling' implies that the court is forced, *by the facts of a case*, to leave the status quo or go beyond what is ordinary."'" *Jolly*, 301 Kan. at 323; see *State v. Seward*, 289 Kan. 715, 722, 217 P.3d 443 (2009).

K.S.A. 2016 Supp. 21-6627(d)(2) provides a nonexclusive list of mitigating circumstances, including:

> "(A) the defendant has no significant history of prior criminal activity;
> "(B) the crime was committed while the defendant was under influence of extreme mental or emotional disturbances;
> . . . .
> "(F) the age of the defendant at the time of the crime."

These statutory mitigating circumstances are not per se substantial and compelling reasons for granting a departure. *State v. Ortega-Cadelan*, 287 Kan. 157, 164, 194 P.3d 1195 (2008).

It would appear uncontested that Ashbaugh had no significant history of prior criminal activity. He alleges that at the time of the crime he and his wife were experiencing various physical ailments and financial stress, but this, of itself, does not establish "extreme" mental or emotional disturbances. Indeed, at the sentencing hearing, it was acknowledged that the health issues and financial stress were *not* an excuse for Ashbaugh's conduct. Reasonable persons would be likely to join in this acknowledgment.

Ashbaugh also cites his advanced age—65—as a mitigating factor but recent caselaw has generally focused on the youth of the accused as a potentially mitigating factor. See, e.g., *State v. Pruitt*, No 111,465, 2015 WL 1636836, at *4 (Kan. App. 2015) (unpublished opinion); *State v. Sherman*, No. 109,244, 2014 WL 902151, at *3-4 (Kan. App. 2014) (unpublished opinion). Reasonable persons could conclude that a 65-year-old offender is more culpable because of his advanced age, i.e., he should have known better.

Ashbaugh also points out that he took responsibility for his actions and, in fact, turned himself in to the Sheriff. But simply taking responsibility does not necessarily translate to mitigation. See *Harsh*, 293 Kan. at 587-88; *Plotner*, 290 Kan. at 780-81. At the sentencing hearing, the State noted that Ashbaugh actually turned himself in after learning that the DCF had begun investigating whether someone was molesting his grandchildren. Reasonable persons could also agree that a grandfather—a person in a position of trust—does not establish mitigation merely by taking responsibility for his crimes. See *State v. Trevino*, 290 Kan. 317, 322-23, 227 P.3d 951 (2010).

Ashbaugh placed substantial reliance for his arguments in mitigation upon the psychosexual evaluation conducted by Dr. Barnett. We have noted above that the written report was not made part of the record on appeal, but we can glean some of the substance of the report from the parties' arguments. Ashbaugh points out Dr. Barnett concluded he was not a risk to society. The State points out that the evaluation indicated Ashbaugh was not a pedophile because pedophiles choose prepubescent males as victims; yet

9

Ashbaugh's grandsons were in fact 5-year-old males. Similarly, the evaluation indicated Ashbaugh was not a predator because predators usually seek vulnerable victims; yet reasonable persons could, and probably would, agree that 5-year-old children are indeed vulnerable victims. Given these discrepancies in the evaluation, we can say with a requisite degree of certainty that reasonable persons could have rejected the evaluation as establishing mitigation sufficient to support a departure sentence.

Based on the record before us, we find reasonable persons could agree with the conclusion reached by the sentencing judge that no substantial and compelling reasons existed to justify a departure sentence. The district court did not abuse its discretion by denying Ashbaugh's departure motion.

Affirmed.