NOT DESIGNATED FOR PUBLICATION

No.122,779

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

HABERT SEAN DAVIS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Jackson District Court; NORBERT C. MAREK JR., judge. Opinion filed March 12, 2021. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before BRUNS, P.J., GREEN and ATCHESON, JJ.

PER CURIAM: Habert Sean Davis appeals his sentence for attempted trafficking in contraband. On appeal, this court granted Davis' motion for summary disposition in lieu of briefs under Supreme Court Rule 7.041(b) (2020 Kan. S. Ct. R. 47). In his summary disposition motion, Davis asserts that the trial court abused its discretion when it denied his downward dispositional departure motion at sentencing. Nevertheless, because we find no abuse of discretion, we affirm Davis' sentence.

1

*Background*

On November 2, 2019, during a traffic stop, Davis lied to a sheriff's deputy about his name. Davis eventually admitted to the deputy that he had lied about his name. When he admitted his deception, the deputy arrested Davis for interfering with a law enforcement officer. The deputy then found marijuana and drug paraphernalia in the car in which Davis was a passenger. Also, once at the county jail, a different deputy discovered marijuana in Davis' pants' pocket.

Based on the preceding, the State charged Davis with trafficking in contraband, attempted interference with a law enforcement officer, marijuana possession, and drug paraphernalia possession. Davis later entered into a plea agreement with the State. Under this plea agreement, Davis agreed to plead no contest to attempted trafficking in contraband in exchange for the State's dismissal of its remaining charges.

After Davis pleaded no contest to attempted trafficking in contraband in accordance with his plea agreement, Davis moved the trial court to impose a downward dispositional departure sentence for his admitted offense. Because of his lengthy criminal history, Davis' standard presumptive sentence for attempting to traffic in contraband under the Kansas Sentencing Guidelines Act (KSGA) was 32 months' imprisonment followed by 12 months' postrelease supervision. Nevertheless, in his dispositional departure motion, Davis argued that the trial court should sentence him to probation instead of prison because the facts of his case did not warrant the imposition of a prison sentence. Specifically, Davis asserted that he was entitled to a downward dispositional departure to probation because he was not truly trying to traffic marijuana in prison and he had only one previous drug conviction despite his lengthy criminal history.

At sentencing, the trial court explained that it had reviewed and then denied Davis' downward dispositional departure motion. Nevertheless, the trial court sua sponte

2

imposed a downward durational departure sentence on Davis. The trial court explained that Davis' arguments about not truly trafficking contraband and about having limited drug-related criminal history constituted substantial and compelling reasons to impose a downward durational departure from Davis' presumptive KSGA prison sentence by eight months. It then sentenced Davis to 24 months' imprisonment followed by 12 months' postrelease supervision.

Davis timely appealed.

This court reviews a defendant's challenge regarding the extent of his or her departure sentence for an abuse of discretion. *State v. Trevino*, 290 Kan. 317, 322, 227 P.3d 951 (2010). A trial court abuses its discretion if no other person would have taken the view adopted by the trial court. 290 Kan. at 322.

Here, Davis' only argument on appeal is that the trial court abused its discretion by denying his downward dispositional departure motion. In making this argument, Davis emphasizes that the trial court relied on his reasoning within his downward dispositional departure motion about not truly trafficking contraband and about having limited drug-related criminal history in sua sponte imposing a downward durational departure sentence on him. According to Davis, if his reasoning about not truly trafficking contraband and about having limited drug-related criminal history constituted substantial and compelling reasons to impose a downward durational departure sentence, his reasoning also constituted substantial and compelling reasons to grant his downward dispositional departure motion. Thus, Davis asserts that the trial court acted per se unreasonably when it denied his downward dispositional departure motion while relying on that same reasoning to sua sponte impose a downward durational departure sentence on him.

But Davis' argument ignores the obvious: that he was not entitled to either a downward durational departure sentence or a downward dispositional departure sentence.

3

As noted, under the KSGA, Davis' standard presumptive sentence was 32 months' imprisonment followed by 12 months' postrelease supervision. Thus, the trial court's decision to sua sponte grant Davis an 8-month downward durational departure to 24 months' imprisonment followed by 12 months' postrelease supervision was an act of grace. Also, if the trial court had granted Davis' downward dispositional departure motion, the trial court would have engaged in an even greater act of grace because it would have allowed Davis to entirely avoid prison time. See *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006) (describing probation as an act of grace). This is because a downward durational departure sentence and a downward dispositional departure sentence are not equivalent. Instead, they are distinct, partial reprieves from punishment that have different outcomes when imposed.

In short, when a defendant's presumptive sentence under the KSGA grid is imprisonment, because the imposition of a downward dispositional departure sentence allows a defendant to entirely avoid prison time, a downward dispositional departure sentence is a larger departure from the KSGA grid than a downward durational departure sentence. It therefore follows that a reason may be substantial and compelling for purposes of imposing a downward durational departure sentence, but it may not be substantial and compelling for purposes of imposing a downward dispositional departure sentence. Clearly, Davis' argument within his summary disposition motion ignores the fact that something that may constitute a substantial and compelling reason to impose a downward durational departure sentence may not constitute a substantial and compelling reason to impose a downward dispositional departure sentence.

As a result, despite Davis' contention to the contrary, the trial court did not act per se unreasonably by finding that the facts of his case warranted the imposition of downward durational departure sentence but not the imposition of a downward dispositional departure sentence. Indeed, under the facts of Davis' case, we believe the trial court's imposition of an eight-month downward durational departure sentence upon

4

Davis was reasonable. Thus, we affirm Davis' attempted trafficking in a contraband sentence because the trial court did not abuse its discretion in denying Davis' downward dispositional departure motion.

Affirmed.