NOT DESIGNATED FOR PUBLICATION

Nos. 125,236
125,237

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DOUGLAS C. JOHNSON,
*Appellant*.


MEMORANDUM OPINION


Appeal from Douglas District Court; SALLY D. POKORNY, judge. Opinion filed February 3, 2023. Affirmed in part and dismissed in part.


Submitted by the parties for summary disposition under K.S.A. 2021 Supp. 21-6820(g) and (h).


Before CLINE, P.J., ISHERWOOD, J., and PATRICK D. MCANANY, S.J.


PER CURIAM: Douglas C. Johnson pled no contest to charges in two criminal cases. He now appeals his sentences in both cases and argues the district court abused its discretion by not granting him dispositional departures to probation. We consolidated the cases and granted Johnson's unopposed motion for summary disposition in lieu of briefs under Supreme Court Rule 7.041A (2022 Kan. S. Ct. R. at 48). We have reviewed the record on appeal and find the district court did not abuse its discretion. Thus, we affirm in part and dismiss in part.

1

In January 2022, Johnson pled no contest to violating the Kansas Offender Registration Act (KORA). Then in April 2022, he pled no contest to committing aggravated burglary.

Johnson asked the district court to grant dispositional departures to probation in both cases. The district court denied both motions. It imposed a 39-month presumptive prison sentence for the KORA violation. It also ruled presumptive prison was appropriate for the aggravated burglary and Special Rule 10 applied since Johnson committed the crime while on felony bond for the KORA violation. Though the standard sentence was 162 months, the district court sua sponte granted a downward durational departure to 38 months in prison. The district court explained the degree of harm was less than typical and the sentencing range was excessive. The district court ordered these two sentences to be served concurrently.

Although the State supported dispositional departures to probation, the district court did not grant Johnson probation because it felt he was a danger to the community and the nature of Johnson's crimes did not warrant probation.

ANALYSIS

On appeal, Johnson argues the district court acted unreasonably by denying his motions for dispositional departure to probation because the degree of harm of his crimes was less than typical.

*KORA violation*

First, Johnson argues the district court abused its discretion by denying his request for a downward dispositional sentence departure because he failed to register for only a

2

short time. And indeed, Johnson failed to register for a mere two months. But because the district court imposed a presumptive prison sentence, we are without jurisdiction to consider this issue. See K.S.A. 2021 Supp. 21-6820(c)(1) (appellate court shall not review any sentence within the presumptive sentence for the crime); see also *State v. Huerta*, 291 Kan. 831, 837, 247 P.3d 1043 (2011) (reaffirming that K.S.A. 2011 Supp. 21-6820[c][1], eliminates appeals of presumptive sentences). We dismiss the KORA part of Johnson's appeal for lack of jurisdiction.

*Aggravated burglary*

Next, Johnson maintains that the district court abused its discretion in not granting him a dispositional departure to probation based on his argument that he did not believe the homeowner would be home while he committed the burglary.

We begin our analysis by observing that the revised Kansas Sentencing Guidelines Act (KSGA), K.S.A. 2021 Supp. 21-6801 et seq., governs when a defendant may appeal his or her sentence. KSGA provides that departure sentences are "subject to appeal by the defendant or the state." K.S.A. 2021 Supp. 21-6820(a). It defines a "departure" as "a sentence which is inconsistent with the presumptive sentence for an offender." K.S.A. 2021 Supp. 21-6803(f).

Because the district court imposed a durational departure—but not a dispositional departure—sentence, we have jurisdiction to review Johnson's aggravated burglary sentence. See *State v. Looney*, 299 Kan. 903, 909, 327 P.3d 425 (2014) (finding defendant may appeal from downward duration departure sentence and challenge district court's denial of request for dispositional departure to probation).

This court reviews a defendant's challenge to the extent of his or her departure sentence for an abuse of discretion. *State v. Trevino*, 290 Kan. 317, 322, 227 P.3d 951

(2010). "'A district court abuses its discretion if its decision is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact.' [Citation omitted.]" *State v. Reed*, 306 Kan. 899, 903, 399 P.3d 865 (2017).

The standard sentence for this crime when considered alongside Johnson's criminal history score is far beyond what the district court imposed. The district court's decision to sua sponte grant Johnson a downward durational departure from 162 months' to 38 months' imprisonment was an act of grace. See *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006) (describing probation as an act of grace). Moreover, the district court's rationale in refusing to place Johnson on probation was sound. The district court emphasized that the nature of Johnson's crime was violative and disruptive to the victim's sense of security. For these reasons, we find the district court did not abuse its discretion and affirm the durational departure sentence for aggravated burglary.

Affirmed in part and dismissed in part.