NOT DESIGNATED FOR PUBLICATION

No. 121,329

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TRAVIS PAUL ODOM,
*Appellant*.


MEMORANDUM OPINION

Appeal from Cherokee District Court; OLIVER KENT LYNCH, judge. Opinion filed August 7, 2020. Affirmed.

*Michelle A. Davis*, of Kansas Appellate Defender Office, for appellant.

*Natalie Chalmers*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.


Before ARNOLD-BURGER, C.J., STANDRIDGE and POWELL, JJ.


PER CURIAM: Travis Paul Odom appeals from his sentence after a jury convicted him on four counts of rape and one count of aggravated indecent liberties with a child. At his original sentencing, the district court denied Odom's departure request and sentenced him to terms of imprisonment for life without the possibility of parole for 25 years on each count, running two sentences consecutively and the remaining three sentences concurrently. On direct appeal, a panel of this court affirmed the convictions but vacated his sentences because the district court had erroneously imposed lifetime postrelease supervision instead of lifetime parole. On resentencing, the parties asked the court to take judicial notice of their original arguments and the court adopted its previous ruling,

1

imposing the same prison sentence but with lifetime parole. After review of Odom's claims, we affirm his sentences.

## FACTUAL AND PROCEDURAL HISTORY

A full recitation of the underlying facts is unnecessary to resolve Odom's sentencing challenge. In short, the State charged Odom with four counts of rape and one count of aggravated indecent liberties with a child in 2014 after M.W.—then 12 years old—disclosed to her mother that Odom and his minor son had repeatedly raped M.W. on separate occasions when both children were between the ages of 9 and 11. Following a four-day trial, during which Odom and his son testified and denied the allegations, the jury convicted Odom on all five counts.

Odom moved for a departure before sentencing, arguing that substantial and compelling reasons to depart existed in part because of his minimal criminal history with no prior felonies, a supportive family, family obligations to his sons, the lack of a threat to society, and his defense had merit but ultimately failed. The State responded, asserting the nature of his convictions did not allow for a dispositional departure and arguing that Odom showed no substantial and compelling reasons to warrant a durational departure. Since Odom's convictions were all off-grid crimes, he faced a presumptive life sentence without the possibility of parole for 25 years on each of the five counts. See K.S.A. 2019 Supp. 21-6627(a). But under a sentencing provision commonly called the "double-double" rule, the court could only sentence Odom to a maximum period of double the base sentence. See K.S.A. 2019 Supp. 21-6819(b)(4).

At Odom's original sentencing, his counsel advocated for a departure without requesting any specific prison term or presenting evidence. After hearing the State's argument and a statement by the victim's mother, the district court denied Odom's motion, noting "[t]here is nothing before the court to support any of those factors either

2

individually or together as supporting a departure." The same judge who presided over the trial sentenced Odom. The court imposed a sentence of life without the possibility of parole for 25 years on each count with lifetime postrelease supervision, running the first two counts consecutively and the remaining three concurrently.

Odom directly appealed, challenging the lifetime postrelease supervision portion of his sentence. *State v. Odom*, No. 117,263, 2018 WL 1883902 (Kan. App.) (unpublished opinion), *rev. denied* 308 Kan. 1599 (2018) (*Odom I*). The panel affirmed his convictions but vacated his sentences because the district court erroneously imposed lifetime postrelease supervision instead of lifetime parole. 2018 WL 1883902, at *7-8.

At the resentencing, the district court asked Odom if he had any challenges to the PSI or his criminal history, briefly addressed the departure motion, and gave Odom a chance to speak. The parties asked the district court to take judicial notice of Odom's previous departure motion and the arguments made at the original sentencing. The court adopted its previous ruling and imposed the same sentence, excepting the order for lifetime parole.

Odom timely appeals.

ANALYSIS

Odom argues the district court erred in denying his motion for a departure, asking this court to vacate his sentence for the second time and remand for resentencing. He contends the district court abused its discretion by ignoring the following mitigating circumstances: (1) he had a minimal criminal history, consisting of only two misdemeanor convictions; (2) his defense had merit and he maintains his innocence; and (3) he had a supportive family and family obligations to his sons.

3

The State contends this court should not reach the merits of Odom's claims because the law of the case doctrine precludes review. In the alternative, the State argues the district court did not abuse its discretion because none of the factors mentioned in his brief warrant a departure, given the "appalling facts" leading to his convictions.

*The law of the case doctrine does not preclude our review.*

Whether the law of the case doctrine bars an issue is a legal question over which appellate courts exercise unlimited review. *State v. Parry*, 305 Kan. 1189, Syl. ¶ 3, 390 P.3d 879 (2017). It governs issues of law *previously decided* in proceedings as part of *the same case*. See *State v. Kleypas*, 305 Kan. 224, 244, 382 P.3d 373 (2016).

The Kansas Supreme Court has said,

"The doctrine of the law of the case is not an inexorable command, or a constitutional requirement, but is, rather, a discretionary policy which expresses the practice of the courts generally to refuse to reopen a matter already decided, without limiting their power to do so. This rule of practice promotes the finality and efficiency of the judicial process. The law of the case is applied to avoid indefinite relitigation of the same issue, to obtain consistent results in the same litigation, to afford one opportunity for argument and decision of the matter at issue, and to assure the obedience of lower courts to the decisions of appellate courts." *State v. Collier*, 263 Kan. 629, 631, 952 P.2d 1326 (1998) (quoting 5 Am. Jur. 2d, Appellate Review § 605).

The doctrine applies not only to matters decided but also to those issues for which a party failed to seek review in a previous proceeding. See *Parry*, 305 Kan. at 1195 (citing *Smith v. Bassett*, 159 Kan. 128, Syl. ¶ 3, 152 P.2d 794 [1944]). "[O]n remand from a higher court, absent narrow exceptions, a district court's jurisdiction to resentence or otherwise deviate from an already pronounced sentence *is limited to the express*

4

*instructions contained in the higher court's mandate*." (Emphasis added.) *State v. Tafoya*, 304 Kan. 663, 667, 372 P.3d 1247 (2016).

So we turn to the substance of the *Odom I* court's ruling.

"Clearly, the proper sentence required mandatory lifetime *parole* rather than lifetime *postrelease supervision*. The State suggests that the district court vacate this portion of the sentence, but the mandatory rather than discretionary nature of the imposition of parole does not permit this remedy. Moreover, contrary to the State's suggestion, the district court may not simply change the sentence to lifetime parole instead of lifetime postrelease supervision, even if that is what the district court subjectively intended because parole and postrelease supervision are not legally synonymous. [Citations omitted.] Sentencing is a critical stage of the criminal prosecution and requires the presence of the criminal defendant. See K.S.A. 2017 Supp. 22-3405; *State v. Hall*, 298 Kan. 978, 987, 319 P.3d 506 (2014) ('[A]ny completion of sentencing must take place in the defendant's presence in open court.']. As a result, this court may not simply vacate the part of the district court's sentencing order imposing lifetime postrelease supervision on each of Odom's convictions; *the case must be remanded to the district court for resentencing*." (Emphasis added.) *Odom I*, 2018 WL 1883902, at *7.

The sole basis upon which the case was remanded was the district court's erroneous order of lifetime postrelease supervision instead of parole. The directions given to the parties here vary significantly from what the Kansas Supreme Court has ordered in the past. Our Supreme Court has a long history of doing just what the *Odom I* panel said it could not do—vacate just that part of the court's order imposing lifetime postrelease supervision. See *State v. Becker*, 311 Kan. 176, 191, 459 P.3d 173 (2020) ("The improper imposition of lifetime postrelease supervision can be vacated, allowing the district court to correct the judgment without the need for further proceedings."); *State v. Johnson*, 309 Kan. 992, 997-98, 441 P.3d 1036 (2019) ("The State concedes this issue and suggests the remedy is to vacate the order of lifetime postrelease supervision rather than remand the

case for resentencing. . . . We agree."); *State v. Cash*, 293 Kan. 326, 330-31, 263 P.3d 786 (2011) ("[T]he district court erred in imposing lifetime postrelease supervision, and that portion of Cash's sentence is hereby vacated.").

Our concern in applying such a discretionary policy as the law of the case to prohibit review here is the expressed direction to the district court and the parties to "resentence" Odom. The panel correctly concluded Odom's original sentence was illegal because the district court had imposed lifetime postrelease supervision instead of lifetime parole. *Odom*, 2018 WL 1883902, at *7. Yet when choosing the proper remedy, the panel disagreed with the State's suggestion that the district court could simply vacate the illegal portion or correct the sentence. Instead, the panel determined the case needed to be remanded for resentencing with Odom present. 2018 WL 1883902, at *7-8. We can understand the confusion this must have caused considering the existing Supreme Court precedent. Accordingly, we consider the merits of Odom's sentencing challenge.

*The court did not abuse its discretion when it denied Odom's departure motion.*

*The standard of review when reviewing a denied departure motion is abuse of discretion.*

As Odom notes, this court applies the abuse of discretion standard when reviewing a district court's decision on a departure sentence from K.S.A. 2019 Supp. 21-6627, commonly known as Jessica's Law. See *State v. Jolly*, 301 Kan. 313, 325, 342 P.3d 935 (2015). A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the trial court; (2) the decision is based on an error of law; or (3) the decision is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). As the movant, Odom bears the burden of showing an abuse of discretion. *State v. Powell*, 308 Kan. 895, 910, 425 P.3d 309 (2018).

6

Although Odom identifies the correct standard of review, he does not argue the district court committed any legal or factual error. So this court must determine only whether no reasonable person could have agreed with the judge's decision. *State v. Florentin*, 297 Kan. 594, 602, 303 P.3d 263 (2013) ("[I]f only one reasonable person would agree with the district court judge, we must affirm the decision. This is a substantial burden . . . ."), *disapproved of on other grounds by Jolly*, 301 Kan. 313.

> *District courts use the two-step framework from K.S.A. 2019 Supp. 21-6627(d) and* Jolly *when considering a departure in a Jessica's Law case.*

Under Jessica's Law, a defendant who is 18 or older and convicted of a first-time offense of rape or aggravated indecent liberties with a child under age 14 shall be sentenced to life in prison with a mandatory minimum term of imprisonment of at least 25 years. K.S.A. 2019 Supp. 21-6627(a)(1). These crimes are not subject to the Kansas Sentencing Guidelines Act (KSGA) sentencing grid.

A district court may depart from the nongrid mandatory sentence to the sentencing grid sentence if it finds "substantial and compelling reasons, following a review of mitigating circumstances, to impose a departure." K.S.A. 2019 Supp. 21-6627(d)(1). Something is "'"substantial"'" if it is "'"real, not imagined; something with substance and not ephemeral," while the term "'compelling' implies that the court is forced, by the facts of a case, to leave the status quo or go beyond what is ordinary."'" *Jolly*, 301 Kan. at 323.

Mitigating circumstances include, but are not limited to, whether:

>"(A) The defendant has no significant history of prior criminal activity;
>"(B) the crime was committed while the defendant was under the influence of extreme mental or emotional disturbances;
>"(C) the victim was an accomplice in the crime committed by another person, and the defendant's participation was relatively minor;

7

"(D) the defendant acted under extreme distress or under the substantial domination of another person;

"(E) the capacity of the defendant to appreciate the criminality of the defendant's conduct or to conform the defendant's conduct to the requirements of law was substantially impaired; and

"(F) the age of the defendant at the time of the crime." K.S.A. 2019 Supp. 21-6627(d)(2).

When reviewing whether a departure to the sentencing grid is warranted in a Jessica's Law case, a district court will first review the mitigating circumstances without trying to weigh them against aggravating circumstances. Then, considering the facts of the case, the court will determine whether the mitigating circumstances rise to the level of substantial and compelling reasons to depart from the otherwise mandatory sentence. 301 Kan. at 324. While mitigating circumstances are necessary for a finding of substantial and compelling reasons to depart, mitigating circumstances do not automatically warrant a departure. 301 Kan. at 323. The statute requires a court to state its reasons for granting a departure, but the court is not required to make findings or state its reasons for denying a departure request under Jessica's Law. See K.S.A. 2019 Supp. 21-6627(d)(1); *State v. Dull*, 298 Kan. 832, 842, 317 P.3d 104 (2014).

*Odom fails to establish that the district court abused its discretion.*

On appeal, Odom points to one statutory and two nonstatutory mitigating factors to justify his request for a downward durational departure: (1) his lack of any significant criminal history; (2) his defense had merit and he maintains his innocence; and (3) his family supported him and he had family obligations to his sons. See K.S.A. 2019 Supp. 21-6627(d)(2).

When considering Odom's renewed departure motion at resentencing, Odom simply incorporated his previous arguments and the court adopted its previous ruling.

8

The court noted—at the original sentencing—that most of the "mitigating" factors Odom relied upon were simply the opposite of the statutory aggravating factors in a case sentenced under the KSGA. See K.S.A. 2019 Supp. 21-6815(c). Our Supreme Court has found that the absence of an item under statutory mitigating factors that is the opposite of a listed statutory aggravating factor is intentional. *State v. Favela*, 259 Kan. 215, 235, 911 P.2d 792 (1996). In *Favela* the court found that a victim who is particularly vulnerable due to age can be an aggravating factor supporting an upward durational departure, but a victim who is not vulnerable due to age cannot be a mitigating factor supporting a downward departure. 259 Kan. at 235. But this was not a KSGA case and the court here noted that while under certain circumstances some of the factors relied upon "could be found to be substantial and compelling reasons for a departure," those circumstances were not present in this case. The court specifically noted the lack of any supporting evidence presented at either sentencing hearing. On appeal, Odom abandons all but the three mitigating factors listed above. The court found that these were not substantial and compelling reasons to depart from this Jessica's Law case.

Odom's departure motion cited several cases to support his assertion that the mitigating factors presented have been recognized as possible factors rising to the level of substantial and compelling reasons to depart. See, e.g., *State v. Murphy*, 270 Kan. 804, 808, 19 P.3d 80 (2001) (family support), *abrogated by State v. Martin*, 285 Kan. 735, 175 P.3d 832 (2008); *Favela*, 259 Kan. at 236 (no prior felony convictions); *State v. Grady*, 258 Kan. 72, 88, 900 P.2d 227 (1995) (failed defense that was not meritless); *State v. Crawford*, 21 Kan. App. 2d 859, 861, 908 P.2d 638 (1995) (family to support). But these cases are all distinguishable because none involved off-grid Jessica's Law offenses. Moreover, all the decisions recognized the district court's *discretion* when considering a departure request.

In addition, offenders in Odom's position have made similar arguments in these types of cases and have been denied relief. See *State v. Whorton*, 292 Kan. 472, 475-76,

254 P.3d 1268 (2011) (finding district court considered mitigating factor of the defendant's low criminal history score and upholding departure denial); *State v. Staples*, No. 119,252, 2019 WL 1746787, at *4-5 (Kan. App.) (unpublished opinion) (finding record did not support abuse of discretion because district court evaluated mitigating factors, including strong family support and family members who depended on defendant), *rev. denied* 310 Kan. 1070 (2019).

In sum, the district court judge clearly considered the mitigating factors asserted by Odom and found them to be neither substantial nor compelling in this case. The judge was also the trial judge in the case and was aware of the facts presented at trial. The jury found Odom guilty of four counts of rape and one count of aggravated indecent liberties with a child that began when she was 9 and ended when she was 11. There was also evidence that he forced his minor son to do the same. We have no trouble finding that a reasonable person could agree with the district court's decision to deny Odom's durational departure request. Accordingly, he fails to show that the district court abused its discretion.

Affirmed.